**William J. LEA, et al., Plaintiffs,**

v.

**REPUBLIC AIRLINES, INC., et al., Defendants.**

**No. CV–S–87–542–PMP.**

United States District Court, D. Nevada.

Dec. 20, 1988.

Kevin C. Sewell, Edwards, Kolesar, Toigo & Sewell, Las Vegas, Nev., for plaintiffs.

Cathy Parker, Richard J. Omata, Karr, Tuttle, Campbell, P.C., Seattle, Wash., Rene Arceneaux, Beckley, Singleton, Delanoy & Jemison, Las Vegas, Nev., for Republic Airlines, Inc. and Northwest Airlines, Inc.

Eugene B. Granof, Elizabeth A. Ginsburg, Washington, D.C., Dennis M. Sabbath, Las Vegas, Nev., for Airline Pilots Ass'n Intern. and individual defendants.

## MEMORANDUM OPINION & ORDER

PRO, District Judge.

Several former airline pilots ("Plaintiffs") filed a Complaint (# 1) on July 17, 1987 against their former employer, Republic Airlines, Inc. ("Republic"), alleging violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), and against their collective bargaining representative, the Air Line Pilots Association, International ("ALPA"), alleging breach of duty of fair representation implied under the Railway Labor Act ("RLA"), respectively. Plaintiffs' Complaint alleges five causes of action: (1) negligence; (2) breach of fiduciary duty; (3) breach of contract; (4) fraud; and (5) relief in equity.

The gravamen of Plaintiffs' Complaint is that Republic, as administrator of the corporate pension plan, failed to properly calculate and distribute the retirement annuities due Plaintiffs, and thereby violated ERISA; with respect to ALPA, as the collective bargaining agent of Plaintiffs, it breached its duty of fair representation, and thereby violated the Railway Labor Act (RLA).

Before this Court are Republic's Motion to Dismiss or for Summary Judgment (# 31), and ALPA's Motion for Summary Judgment (# 32). Plaintiffs have filed points and authorities in opposition to Defendants' motions (## 39 and 38 respectively), to which Defendants' have filed replies (## 43 and 42, respectively).

Pursuant to Local Rule 140–9, counsel for all parties presented oral argument regarding Defendants' pending motions on December 14, 1988. For the reasons discussed herein, this Court must grant summary judgment in favor of Republic and ALPA, and dismiss this action.

## FACTUAL BACKGROUND [1]

Plaintiffs are a group of airline pilots who, as employees of Republic, were participants and beneficiaries of the Pilots Retirement Income Plan ("PRIP") or predecessor plans. Plaintiffs had been placed on disability retirement status as of March 25, 1984. As a result of financial problems, Republic sought and received from the Internal Revenue Service waivers permitting deferral of required contributions to the PRIP during the years 1981 through 1983. In addition, in 1983 and 1984, ALPA and Republic executed a series of collective bargaining agreements designed to improve Republic's financial position by reducing pilot pay and benefits.

In the course of these negotiations, on March 25, 1984, Republic and ALPA executed an agreement (the "Termination Agreement") which provided for the termination of the PRIP. The Termination Agreement provided for the actuarial calculation of the cost of purchasing annuities to fund all accrued benefits under the PRIP. If this calculation indicated that additional assets would remain following the purchase, the parties agreed to amend the PRIP prior to termination to restore benefits for active pilots, who had lost benefits as a result of the previous concessionary agreements. Assets remaining after restoring the benefits to active pilots were to be used to increase, on a pro rata basis, the monthly benefits that the active pilots would receive upon disability or retirement. Republic was then to purchase annuities to pay the monthly benefits to all pilots, active and inactive, terminate the PRIP, and

---

1. The following is a narrative summary of the material facts, derived from this Court's review of the pleadings and attached materials, as well as from counsels' presentation at oral argument.

In addition, this Court incorporates into its finding of facts the "Statement of Material Facts not in Dispute" attached to ALPA's Motion for Summary Judgment (# 32).

receive a reversion of any actuarial excess that remained.

By June 28, 1985, ALPA and Republic determined that the PRIP adequately provided for all vested and accrued benefits, and agreed to distribute the excess to the active pilots. The PRIP was terminated effective July 31, 1985. Republic notified the Internal Revenue Service and the Pension Benefit Guaranty Board of its intention to terminate the PRIP. Both of these agencies made favorable rulings on the terms of the proposed Termination Agreement. Pursuant to ERISA regulations, Republic mailed notices of the Termination Plan to both active and retired pilots.

In sum, pursuant to the Termination Agreement, Republic purchased annuities which provided to Plaintiffs the same level of benefits to which all disabled pilots had been receiving prior to the termination of the PRIP. Active pilots, bearing the risks of continued employment in light of Republic's precarious financial condition, were accorded an increase in benefits in the form of pro rata distribution of the excess PRIP assets.

In 1985, over 200 retired pilots (including Plaintiff Frank Veskerna) filed suit in U.S. District Court, Western District of Washington, against Republic and ALPA, alleging that in negotiating the Termination Agreement, Republic and ALPA had violated the notice and fiduciary provisions of ERISA. The District Court held that neither Republic nor ALPA was a fiduciary under the provisions of ERISA, and that no violation had occurred. (*Hale, et al. v. Republic Airlines, Inc., et al.,* No. C85–1261V (W.D. Wash. July 23, 1987), # 32, Exhibits D and E, attached thereto.)

On July 17, 1987, Plaintiffs filed this action, claiming that they were improperly denied the additional retirement benefits provided to active pilots pursuant to the Termination Agreement. Republic and ALPA maintain that since each of the Plaintiffs was classified as "disabled" prior to July 31, 1985, the effective date of the Termination Agreement, Plaintiffs were considered eligible for the disability annuity but not for the additional retirement benefits received by active pilots.

## STANDARD FOR GRANT OF SUMMARY JUDGMENT

Pursuant to Fed.R.Civ.P. 12(b), if materials outside the pleadings are considered in connection with a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the motion to dismiss must be considered as a motion for summary judgment. Republic's Motion to Dismiss or for Summary Judgment (# 31) includes exhibits and affidavits, and this Court will therefore treat Republic's motion as one for summary judgment under Fed.R.Civ.P. 56.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56.

The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. See *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Zoslaw v. MCA Distributing Corp.,* 693 F.2d 870, 883 (9th Cir.1982). This does not, however, require that the moving party support its motion with affidavits or other similar material negating the opponent's claim. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Once the movant's burden is met by presenting evidence which, if uncontroverted, would entitle the movant to a directed verdict at trial, the burden then shifts to the respondent to set forth specific facts demonstrating that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). If the factual context makes the respondent's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S.

574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Cal. Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698, 699, 98 L.Ed.2d 650 (1988). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. See *Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1305–06 (9th Cir.1982); *Admiralty Fund v. Jones*, 677 F.2d 1289, 1293 (9th Cir.1982); *United States v. First National Bank of Circle*, 652 F.2d 882, 887 (9th Cir.1981)

All facts and inferences drawn must be viewed in the light most favorable to the responding party, when determining whether a genuine issue of material fact exists for summary judgment purposes. *Poller v. CBS, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). After drawing inferences favorable to the respondent, summary judgment will be granted only if all reasonable inferences defeat the respondent's claims. *Admiralty Fund v. Tabor*, 677 F.2d 1297, 1298 (9th Cir.1982).

In keeping with this standard and as discussed below, this Court concludes that Republic and ALPA are entitled to summary judgment as a matter of law.

## NO DISPUTED ISSUES OF MATERIAL FACT

Plaintiffs' Opposition to Republic's Motion for Summary Judgment (# 39) contains a list of 13 "disputed material facts." Numbers 3 through 13, however, are merely conclusions of law.

Plaintiffs' first disputed fact concerns Republic's "Concise Statement of Agreed Facts" (# 31, at 7) number 4, which states:

4. A pilot whose disability occurred on or before June 30, 1984 (as determined by FAA form 8500) was not entitled to receive increased benefits under the [PRIP].

The PRIP explicitly states the above at § 5.4(i). Therefore, Plaintiffs cannot create a genuine issue of material fact out of the statement above.

Plaintiffs' second "disputed fact" concerns whether the "retirement" benefit to which Plaintiffs are allegedly entitled was calculated and distributed in accordance with the PRIP. Plaintiffs' attempt to create a genuine issue of material fact by reclassifying Plaintiff's benefits as "retirement" instead of "disability." Nevertheless, the terms of the PRIP expressly provide at § 5.4 ("Disability Benefit") the definition of disability under the PRIP, as well as the method by which benefits are to be calculated. Indeed, § 5.3 ("Benefit on Termination of Employment Prior to Normal Retirement Date") refers to § 5.4 as the governing section under which disabled pilots' benefits are to be calculated.

Plaintiffs' Opposition to ALPA's Motion for Summary Judgment (# 38) contains a list of nine "disputed material facts." Numbers five through nine are conclusions of law.

Plaintiffs' first "disputed fact" is merely the following bald assertion: "Plaintiffs genuinely dispute that Plaintiffs were on disability status on March 25, 1984 (FRCP 56(f))." The citation of Fed.R.Civ.P. 56(f), which permits the court to refuse the movant's summary judgment motion or order a continuance to permit affidavits to be obtained or discovery to be had, is inapplicable. There can be no dispute of the fact that Plaintiffs were on disability status no later than March 25, 1984, prior to the termination of the PRIP.

Plaintiffs' second through fourth "disputed facts" are not bona fide disputes of fact that affect the outcome of this action, requiring a trial for resolving differing versions of the truth. Rather, Plaintiff's second "disputed fact" concerns an interpretation of a statement contained in an affidavit offered by ALPA. Plaintiffs do not offer anything beyond a bare assertion of the existence of a disputed material fact.

Plaintiffs' third and fourth "disputed facts" are merely denials of arguments contained in ALPA's pleadings concerning the affect on Plaintiffs (# 3), and the rationale for ALPA's strategy vis a vis Republic during the negotiations of the Termination Agreement (# 4). Neither contention, how-

ever, reflects a genuine issue of material fact, suitable for resolution at trial.

## STATE AND COMMON LAW CAUSES OF ACTION PREEMPTED BY ERISA

Republic convincingly argues, and at oral argument, Plaintiffs' counsel essentially conceded that the first cause of action for negligence, the third cause of action for breach of contract, the fourth cause of action for fraud, and the fifth cause of action for equitable relief arise under state law, and are therefore preempted by ERISA.

■ ERISA's civil enforcement scheme, § 502(a), as set forth in 29 U.S.C. § 1132(a), provides the exclusive range of remedies under which a participant or beneficiary to a pension plan may seek relief. *See* 29 U.S.C. § 1132(a). In *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 the Supreme Court exhaustively analyzed the scope of ERISA preemption, and concluded:

> In sum, the detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA....
>
> The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for

the conclusion that ERISA's civil enforcement remedies were intended to be exclusive.

Consequently, since none of Plaintiffs' common law causes of action (I, III, IV, and V) fall under an exception to ERISA's preemptive clause, § 514(a), as set forth in 29 U.S.C. § 1144(a), they are preempted. *See Nieto v. Ecker*, 845 F.2d 868, 872 (9th Cir.1988).

## NO FIDUCIARY DUTY CREATED DURING NEGOTIATIONS BETWEEN REPUBLIC AND ALPA

■ Plaintiffs assert that Republic and ALPA are fiduciaries of the PRIP within the meaning of ERISA, and breached their fiduciary duties in negotiating and implementing the Termination Agreement. Contrary to Plaintiffs' counsel's suggestion at oral argument, the question whether a party is a fiduciary under ERISA while negotiating the terms of a pension plan is a question of law not of fact. *United Ind. Flight Officers v. United Air Lines*, 756 F.2d 1262, 1266 (7th Cir.1985).

Neither Republic nor ALPA could have breached such a duty, however, unless it had such a duty under the terms of ERISA.[2] This Court accepts the rationale of the Seventh Circuit's pair of decision in *United Ind. Flight Officers v. United Air Lines*, ("*UIFO(1)*"), 756 F.2d 1262 (7th Cir. 1985), cited *supra*, and *United Ind. Flight Officers v. United Air Lines, Inc.*, ("*UIFO(2)*"), 756 F.2d 1274 (7th Cir.1985), as controlling for Republic's and ALPA's argument that the duties and responsibilities of a fiduciary under ERISA are inapplicable to unions and employers negotiating in a collective bargaining context.

**2.** Under § 3(21) of ERISA, as set forth in 29 U.S.C. § 1002(21)(A), a fiduciary is defined in pertinent part as follows:

(A) Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary responsibility in the administration of such plan. Such term includes any person designated under Section 1105(c)(1)(B) of this title. Subparagraph (B) deals with the fiduciary status of registered investment companies. Section 1105(c)(1)(B) deals with persons appointed by named fiduciaries to carry out fiduciary responsibilities.

This Court cannot impose fiduciary status upon ALPA in light of the compelling discussion contained in *UIFO(1):*

> To impose fiduciary status on union negotiators would unreasonably cramp legitimate negotiations, presumably forcing negotiators to arbitrarily favor a single group of employees. The concept of negotiator as fiduciary is also wholly inconsistent with the very fiduciary provisions of ERISA, which were designed to prevent a fiduciary " 'from being put into a position where he has dual loyalties, and, therefore, he cannot act exclusively for the benefit of a plan's participants and beneficiaries.' " (Quoting *NLRB v. Amax Coal Co.,* 453 U.S. 322, 334, 101 S.Ct. 2789, 2796, 69 L.Ed.2d 672 (1981).) 756 F.2d at 1268.[3]

An analogous rationale applies to preclude Republic from being charged with fiduciary status while negotiating the Termination Agreement:

> With respect to [the airline's] status as a fiduciary while negotiating the [amendment to the pension plan], our reasoning with respect to ALPA applies with equal force. The fact that [the airline] was, at the same time, the administrator of the Plan does not alter our conclusion. The administrator of a plan is a fiduciary only to the extent he is engaged in administration. The tasks of administration [under a fiduciary duty] do not extend to negotiating the terms of the governing collective bargaining agreement. *Id.*

Moreover, as PRIP administrator, Republic's implementation of the Termination Agreement could not constitute a breach of fiduciary duty, since Republic was required to terminate the PRIP according to the amendments thereto, as contained in the Termination Agreement. See *UIFO(2),* 756 F.2d 1274, 1280 (7th Cir.1985).

This Court therefore concludes that Plaintiffs' second cause of action for breach of fiduciary duty under ERISA must, as a matter of law, be dismissed as to both Republic and ALPA.[4]

## SIX–MONTH STATUTE OF LIMITATIONS BARS ACTION

■   The gist of Plaintiffs' claim is that the collective bargaining negotiations between Republic and ALPA, which led to the consummation and implementation of the Termination Agreement, precluded Plaintiffs from their pro rata share of the excess PRIP assets which were allocated to active pilots. Plaintiffs' Complaint indicates that ALPA breached its duty of fair representation ("DFR") implied under the Railway Labor Act, and that Republic was a party to that breach in the course of the collective bargaining negotiations. Hence, Plaintiffs allege a "hybrid" action, as analyzed in *DelCostello v. Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (six-month limitations period for hybrid actions brought under Labor Management Relations Act).[5]

This Court must reject Plaintiffs' counsel's suggestion, offered at oral argument, that ERISA's three-year limitations period applies to this action. 29 U.S.C. § 1113. Plaintiffs' citation of *Adams v. Gould, Inc.,* 739 F.2d 858 (3rd Cir.1984), and *Bow-*

---

**3.** Regarding Plaintiff's allegation that ALPA breached its duty of fair representation under the RLA and this, in turn, "violated the spirit of ERISA," ALPA replies that any breach of the RLA does not, as a matter of law, lead to liability under ERISA. Assuming *arguendo,* that Plaintiffs could maintain a cause of action against ALPA under the RLA, however, such action is clearly barred by the statute of limitations. See discussion below. Plaintiffs did not substantively respond in either their pleadings nor at oral argument.

**4.** In the previous related action in the Western District of Washington (*Hale v. Republic Airlines, et al.*), the court held that during the

collective bargaining process, neither Republic nor ALPA were subject to the fiduciary duties imposed by ERISA. Furthermore, since Plaintiff Frank Veskerna was also a plaintiff in the *Hale* litigation, ALPA convincingly argues that his personal claims are barred under *res judicata.* At oral argument, Plaintiffs' counsel conceded this particular point.

**5.** See also *International Association of Machinists and Aerospace Workers, AFL–CIO v. Aloha Airlines, Inc.,* 790 F.2d 727 (9th Cir.1986), applying *DelCostello* limitation to Railway Labor Act cases.

*er v. Bunker Hill Co.*, 675 F.Supp. 1254 (E.D.Wash.1986), are inapposite. The dispute in *Adams* concerned an alleged failure by a defunct employer to provide benefits to beneficiaries. Under the circumstances, the Third Circuit concluded that *DelCostello* did not apply since the underlying dispute did not disrupt labor management relations, inasmuch as the plant at which the employees in *Adams* had worked had ceased operations.

In an analogous setting, the Court in *Bower* followed the Third Circuit's reasoning in *Adams*, but correctly noted that:

... the statute of limitations to be applied in a 301 action depends upon the court's characterization of the action in the first instance. If the case is one that touches on the very heart of the labor process as in *DelCostello*, then the six-month period should apply. Such cases fall within the scope of federal policies that favor the prompt resolution of labor disputes and the preservation of harmony between labor and management. The question which remains then is whether an action brought pursuant to section 301 to enforce collectively bargained for employee benefits impacts such interests. 675 F.Supp. 1254, 1256 (E.D.Wash.1986).

Under the circumstances of this action, this Court does not hesitate to adopt the reasoning of the Seventh Circuit in *UIFO(1)*:

... the reasons favoring a departure from *DelCostello* are much weaker where a good portion of the underlying dispute concerns the negotiations and implementation of the plan, as here, rather than the settlement of a grievance taken under a pre-existing plan, as was the case in *Adams*. In additions, we think there are difficulties in limiting DFR challenges to the employment terms of collective bargaining agreements (and to the negotiations leading to them) to six months, but in allowing the pension terms of the same agreements (arising

from the same negotiations) to be challenged for up to three years. Thus, we believe that the considerations underlying *DelCostello* apply sufficiently more strongly here than they did in *Adams* to make the six month section 10(b) period more appropriate than the three year ERISA section 413 period. *UIFO(1)*, 756 F.2d 1262 at 1273.

The record before this Court indicates that the PRIP was terminated effective July 31, 1985, and that Plaintiffs received notice of the termination and of their right to submit comments to the appropriate authorities. Since Plaintiffs filed their Complaint on July 17, 1987, this action against Republic and ALPA is clearly time-barred.[6]

This Memorandum Opinion and Order shall constitute findings of fact and conclusions of law.

IT IS THEREFORE ORDERED that Defendants Republic's and ALPA's Motions for Summary Judgment (## 31 and 32, respectively) are granted.

IT IS FURTHER ORDERED that Plaintiffs' Complaint (# 1) is dismissed. The Clerk of this Court is directed to prepare Judgment to reflect this ruling of the Court.

---

6. Furthermore, Plaintiffs began receiving disability pension benefits on January 1, 1987, and thereby received actual notice that the additional benefits accorded active pilots were not included. This is the latest possible accrual of Plaintiff's cause of action, and the statute of limitations would therefore expire on July 1, 1987. Even under this hypothetical accrual standard, Plaintiffs' Complaint, filed July 17, 1987, is time-barred.