Al NIETO, Clarence Valdez, Adrian Munenmann, Lester Olivera and Joana L. Gonzales, Plaintiffs–Appellants,

v.

Louis ECKER, et al., Defendants,

and

Roger Frommer, Defendant–Appellee.

No. 87–5598.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 1987.

Decided May 2, 1988.

Paul M. Posner, Marina del Rey, Cal., for plaintiffs-appellants.

Julius Reich, Reich, Adell & Crost, P.C., Los Angeles, Cal., for defendant-appellee.

William W. Taylor, U.S. Dept. of Labor, for amicus.

Before TANG, WIGGINS and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge:

Defendant Roger Frommer is an attorney who rendered professional services to a group of employee retirement plans covered by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1381 (1982) (ERISA or Act). Plaintiffs claim that he performed these services improperly or fraudulently. We consider whether Frommer may be sued under ERISA for these alleged misdeeds.

## Facts

Plaintiffs are members of Operative Plasterers' and Cement Masons' Locals No. 341 and 627, labor unions affiliated with the Cement Masons' Negotiating Committee for Southern California (the Committee). The Committee, representing each of its constituent local unions, entered into agreements with various associations of employers in Southern California establishing health and welfare, pension, apprenticeship and vacation savings trust funds (the Funds) to be financed by mandatory employer contributions. The Funds are multiemployer plans subject to ERISA, and plaintiffs are, by virtue of their membership in Locals 341 and 627, participants in the Funds.

On August 11, 1986, plaintiffs brought suit in federal district court against numerous defendants, including the Funds, their trustees and Frommer, an attorney retained by the trustees to represent the Funds in collecting delinquent contributions from employers. Plaintiffs alleged that Frommer had repeatedly failed to prosecute lawsuits to collect delinquent contributions and had been paid attorney's fees for services that he did not render. The complaint included claims under ERISA and state fraud law, and prayed for relief in the form of restitution to the Funds, punitive damages and injunctive relief.

The district court dismissed the pendent state claim against Frommer,[1] and also dismissed, with leave to amend, the ERISA claims against Frommer on the ground that no facts had been alleged to show that he was a fiduciary of the Funds. Plaintiffs filed an amended complaint alleging that Frommer "was a fiduciary in that he exercised authority and control respecting management or disposition of the [Funds'] assets...." Excerpt of Record at 73. The

district court again dismissed the action as to Frommer, this time without leave to amend.

## Discussion

■ The district court granted Frommer's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. We review this determination de novo, taking all allegations of material fact as true and construing them in the light most favorable to plaintiffs. *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 773 (1986).

### I

■ Plaintiffs first argue that Frommer is a fiduciary of the Funds within the meaning of ERISA and is therefore subject to all the duties and liabilities imposed on fiduciaries by that statute. Under the Act, "a person is a fiduciary with respect to a plan to the extent (1) he ... exercises any authority or control respecting management or disposition of its assets...." ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Plaintiffs contend that Frommer falls within this definition because his control over the filing and prosecution of lawsuits constituted "control respecting ... disposition of [fund] assets" within the meaning of section 3(21)(A).

We resolved this issue in *Yeseta v. Baima*, 837 F.2d 380, 385 (9th Cir.1988). Relying on the applicable Department of Labor regulations, *Yeseta* held that an attorney rendering professional services to a plan is not a fiduciary so long as he does not exercise any authority over the plan "in a manner other than by usual professional functions." *Id.* (citing 29 C.F.R. § 2509.-75–5 (1986)). The complaint here did not allege that Frommer exercised any such authority over the Funds.

Plaintiffs contend, nevertheless, that Frommer effectively exercised such authority because the employer contributions he failed to collect were plan assets under his discretionary control. By failing to collect those contributions, the argument runs, Frommer dissipated those assets. This argument proves far too much. Under this rationale anyone performing services for an ERISA plan—be it an attorney, an accountant, a security guard or a janitor—

---

1. The dismissal of the pendent claim was not appealed.

would be rendered a fiduciary insofar as he exercised some control over trust assets and through negligence or dishonesty jeopardized those assets. We find no basis for expanding the meaning of fiduciary in this fashion, and *Yeseta* effectively precludes such an expansion. The district court correctly ruled that Frommer was not a fiduciary under ERISA.

## II

A. Plaintiffs contend that, even if Frommer is not a fiduciary, he may still be held liable under ERISA section 409(a) as one who conspired and acted with fiduciaries in the breach of their fiduciary duties. That section provides:

> *Any person who is a fiduciary* with respect to a plan who breaches any of the responsibilities, obligations or duties imposed upon fiduciaries by this subchapter *shall be personally liable* to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate....

29 U.S.C. § 1109(a) (emphasis added). Under ERISA section 502(a)(2), suits for relief under section 409 may be brought "by the Secretary [of Labor], or by a participant, beneficiary or fiduciary...." 29 U.S.C. § 1132(a)(2).

The plain language of section 409(a) limits its coverage to fiduciaries, and nothing in the statute provides any support for holding others liable under that section. Several courts have nevertheless held that section 409(a) imposes liability on non-fiduciaries insofar as they abetted fiduciaries in their breaches of duty. *See, e.g., Brock v. Hendershott*, 840 F.2d 339, 342 (6th Cir. 1988); *Lowen v. Tower Asset Management, Inc.*, 829 F.2d 1209, 1220–21 (2d Cir. 1987); *Thornton v. Evans*, 692 F.2d 1064, 1078 (7th Cir.1982); *Donovan v. Daugherty*, 550 F.Supp. 390, 410–11 (S.D.Ala.1982); *see also Fink v. National Sav. & Trust Co.*, 772 F.2d 951, 958 (D.C.Cir.1985) (dicta).

These courts uncritically adopted the reasoning of the seminal case in this area, *Freund v. Marshall & Ilsley Bank*, 485 F.Supp. 629, 641–42 (W.D.Wis.1979). We have carefully considered *Freund*'s rationale and conclude that it provides no basis for departing from the plain meaning of the statute.

*Freund* started with the proposition that, in enacting the fiduciary duty provisions of ERISA, "the intent of Congress was to federalize the common law of trusts" and apply it to ERISA plans. 485 F.Supp. at 635. The court then reasoned: "In view of the expressed Congressional intent in enacting ERISA 'to make applicable the law of trusts,' the court is fully empowered to award the relief available in traditional trust law against non-fiduciaries who knowingly participate ... in a breach of trust." *Id.* at 641–42. As the only support for this proposition, *Freund* cites a floor statement by Senator Williams, one of the Act's sponsors, proclaiming that the goals of the fiduciary liability provisions were "*to make applicable the law of trusts;* ... to establish uniform fiduciary standards to prevent transactions which dissipate or endanger plan assets, and to provide effective remedies for breaches of trust." *Id.* at 635 (quoting 120 Cong.Rec. 29,932 (1974), *reprinted in* 1974 U.S.Code Cong. & Admin. News 4639, 5177, 5186) (emphasis added).

■ Senator Williams' rather nebulous statement hardly justifies engrafting the complete body of state trust law into ERISA. As courts of limited jurisdiction, our power to adjudicate claims is limited to that granted by Congress, and such grants are not to be lightly inferred. *See General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968–69 (9th Cir.1981) (federal courts are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears"), *cert. denied*, 455 U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982); *see also Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212, 92 S.Ct. 418, 425, 30 L.Ed.2d 383 (1971). Plaintiffs' lawsuit against Frommer is essentially an attorney malpractice suit under state tort law. Absent an explicit directive from Congress, we may not

recast it as a federal cause of action merely because Frommer's clients happened to be plans covered by ERISA.

■ In any event, *Freund* and the cases following it have built very much on very little. As we read Senator Williams' statement, it merely directs the courts to rely on state law principles in adjudicating claims otherwise within the scope of the Act. Read in this fashion, the floor statement fully accords with the statute's language and purpose; it provides no support for the incorporation of state law causes of actions as a supplement to the explicit provisions of ERISA.[2]

■ Amicus the Secretary of Labor argues that we have already recognized ERISA's incorporation of the common law of trusts, citing *Donovan v. Mazzola*, 716 F.2d 1226, 1231 (9th Cir.1983), *cert. denied*, 464 U.S. 1040, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984), and *Terpinas v. Seafarer's Int'l Union*, 722 F.2d 1445 (9th Cir.1984). *Terpinas* is irrelevant; it holds that, in an action to recover benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), the provisions of a pre-ERISA pension plan may be interpreted in light of the state law that governed that plan before the enactment of ERISA. 722 F.2d at 1447. *Mazzola* is also not on point; it merely notes that Congress derived the Act's provisions relating to fiduciaries from the common law of trusts and intended that the courts "draw on principles of traditional trust law" in formulating remedies for violations of ERISA's fiduciary duty standards. 716 F.2d at 1231, 1235. Neither case supports the far broader proposition, urged on us by plaintiffs and amicus, that the common law of trusts supplies a federal cause of action where the statute itself provides none.[3]

Our reading of ERISA is supported by the Supreme Court's decision in *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). In *Russell* the Court held that a private right of action for extra-contractual damages could not be implied under ERISA. This conclusion was based on the Court's view of ERISA as a carefully crafted, " 'comprehensive and reticulated statute,' " 473 U.S. at 146, 105 S.Ct. at 3093 (quoting *Nachman Corp. v. Pension Benefit Guar. Corp.*, 446 U.S. 359, 361, 100 S.Ct. 1723, 1726, 64 L.Ed.2d 354 (1980)): "The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted ... provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly." 473 U.S. at 146, 105 S.Ct. at 3093. As the Court noted, " 'where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.' " *Id.* at 147, 105 S.Ct. at 3093 (quoting *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19, 100 S.Ct. 242, 246–47, 62 L.Ed.2d 146 (1979)). Congress has provided a remedy against fiduciaries alone in section 409(a) and we see no basis for reading into that section a remedy against non-fiduciaries as well. Most of the courts that reached contrary conclusions did so before *Russell* and may have occasion to revisit the issue in

---

**2.** The concurring opinion points to additional legislative history indicating that ERISA's principles of fiduciary conduct are derived from and embody the existing common law of trusts. Concurring Op. at 5063. Nothing in these statements contradicts our interpretation of Senator Williams' comment or our reading of section 409(a). For example, the Senate Report on which the concurrence relies only provides that "certain principles" of trust law would be applicable to "these fiduciaries." This statement does not address the key issue before us, namely *what* are these principles and *who* are these fiduciaries. Even less helpful is the House Report, which merely notes that "[t]he principles of fiduciary conduct are adopted from existing trust law." This does not support the broader proposition that ERISA meant to adopt the entire body of state trust law lock, stock and barrel. In any event, legislative history is irrelevant to the construction of an unambiguous statute. *United Air Lines, Inc. v. McMann*, 434 U.S. 192, 199, 98 S.Ct. 444, 448, 54 L.Ed.2d 402 (1977); *see also Bethesda Hospital Ass'n v. Bowen*, — U.S. —, 108 S.Ct. 1255, 1257–58, 99 L.Ed.2d 460 (1988).

**3.** We do not disagree with the concurrence's observation that, under *Mazzola*, section 409(a) incorporates common law trust remedies. But this does not answer the more fundamental question of whom those remedies may be invoked against. The plain language of section 409(a) limits its scope to fiduciaries. *Mazzola* is not to the contrary.

light of the guidance provided by the Supreme Court in that case.

■ We therefore hold that only fiduciaries as defined by ERISA may be sued under section 409(a).

B. Concluding that plaintiffs cannot obtain relief against Frommer under section 409(a) does not end our inquiry. Plaintiffs and amicus contend that the broad equitable powers conferred on us by ERISA section 502(a)(3) also authorize the relief they seek.[4] That section provides:

A civil action may be brought—

. . . .

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan. . . .

29 U.S.C. § 1132(a)(3).

■ One district court has held that this language permits the equivalent of an action for damages under section 409(a) against non-fiduciaries who have participated in a breach of trust by fiduciaries. *See Foltz v. U.S. News & World Report,* 627 F.Supp. 1143, 1167–68 (D.D.C.1986). We respectfully disagree. Permitting recovery of damages under section 502(a)(3) would render section 409(a) superfluous, a result contrary to a fundamental canon of statutory construction. *See, e.g., Beisler v. Commissioner,* 814 F.2d 1304, 1307 (9th Cir.1987); 2A N. Singer, *Sutherland's Statutory Construction* § 46.06 (4th ed. 1984).

■ Nevertheless, Frommer is not free from potential liability under ERISA. While he is not a fiduciary, he does have a status defined by the Act: Because he provides services to the Funds, he is a "party in interest" under ERISA § 3(14)(B), 29 U.S.C. § 1002(14)(B). The Act prohibits certain transactions between ERISA plans and their parties in interest.[5] Some of the allegations in the complaint, if true, establish that Frommer participated in such "prohibited transactions" with the Funds by receiving excessive compensation for legal services, obtaining a loan from the Funds, and engaging in similar activities in violation of ERISA §§ 406(a)(1), 408(b), 29 U.S.C. §§ 1106(a)(1), 1108(b). Because these transactions are illegal under the Act, the district courts are authorized by section 502(a)(3) "to redress such violations." *See McDougall v. Donovan,* 539 F.Supp. 596, 598–99 (N.D.Ill.1982) (section 502(a)(3) permits court to order equitable relief against party in interest who engages in a prohibited transaction).

■ It is true that section 406(a) only prohibits certain transactions by fiduciaries, and does not expressly bar parties in interest

---

4. We reject defendant's contention that plaintiffs are foreclosed from relying on section 502(a)(3) because they proceeded solely under section 409 in the district court and in their opening brief in this court. Although the complaint does not expressly mention section 502(a)(3), it does request equitable relief against Frommer and the other defendants. Under the notice pleading practice of the Federal Rules of Civil Procedure, this was sufficient to state a claim for relief under section 502(a)(3).

5. ERISA section 406(a)(1) provides:

Except as provided in section 1108 of this title:
(1) A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect—
. . . .

(B) lending of money or other extension of credit between the plan and a party in interest;
(C) furnishing of goods, services, or facilities between the plan and a party in interest;
(D) transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan. . . .

29 U.S.C. § 1106(a)(1). ERISA section 408(b) provides:

The prohibitions provided in section 1106 of this title shall not apply to any of the following transactions:
. . . .

(2) Contracting or making reasonable arrangements with a party in interest for . . . legal . . . services necessary for the establishment or operation of the plan, if no more than reasonable compensation is paid therefor.

29 U.S.C. § 1108(b).

from engaging in these transactions.[6] However, section 502(a)(3)'s language expressly grants equitable power to redress violations of ERISA; prohibited transactions plainly fall within this category. Courts may find it difficult or impossible to undo such illegal transactions unless they have jurisdiction over all parties who allegedly participated in them. In contrast to section 409(a), section 502(a)(3) is not limited to fiduciaries, and there is therefore no reason to exempt parties in interest from this remedial provision when they engage in transactions prohibited by the Act.[7]

### Conclusion

We hold that plaintiffs have stated a claim for relief against Frommer under ERISA sections 406(a)(1) and 502(a)(3). Accordingly, if plaintiffs prevail on the merits, they will be entitled to whatever equitable relief—including the issuance of an injunction or the imposition of a constructive trust upon property improperly received by Frommer—as the district court may deem appropriate. Plaintiffs cannot state a claim against Frommer under section 409(a), however, because he is not a fiduciary; thus they have no remedy against him for damages under ERISA.

The judgment of the district court is *AFFIRMED IN PART, REVERSED IN PART AND REMANDED* for proceedings in accordance with this opinion. The parties shall bear their own costs on appeal.

WIGGINS, Circuit Judge, concurring.

Judge Kozinski correctly finds that Frommer should be potentially liable for various violations of ERISA. He finds that Frommer is a "party in interest" under ERISA section 3(14)(B), 29 U.S.C. § 1002(14)(B). ERISA plans may not engage in certain kinds of transactions with parties in interest. 29 U.S.C. § 1106. Preliminarily, I note that the plaintiffs never pled a "party in interest" cause of action. Also, neither party pursued this theory on appeal. I would reject it simply on these grounds.

Of greater significance, however, is Judge Kozinski's rejection of Frommer's liability under section 409(a) of ERISA. 29 U.S.C. § 1109(a). Every other case that has examined the issue has concluded that liability of non-fiduciaries as well as fiduciaries is reached by section 409. *Brock v. Hendershott*, 840 F.2d 339, 342 (6th Cir. 1988); *Lowen v. Tower Asset Management, Inc.*, 829 F.2d 1209, 1220–21 (2d Cir. 1987); *Fink v. National Sav. & Trust Co.*, 772 F.2d 951, 958 (D.C.Cir.1985); *Thornton v. Evans*, 692 F.2d 1064, 1078 (7th Cir. 1982); *Brock v. Gerace*, 635 F.Supp. 563, 568 (D.N.J.1986); *Donovan v. Schmoutey*, 592 F.Supp. 1361, 1398–99 (D.Nev.1984); *Donovan v. Bryans*, 566 F.Supp. 1258, 1267 (E.D.Pa.1983); *Donovan v. Daugherty*, 550 F.Supp. 390, 410–11 (S.D.Ala.1982); *Freund v. Marshall & Ilsley Bank*, 485 F.Supp. 629, 642 (W.D.Wis.1979). These cases hold that if a non-fiduciary knowingly participates with a fiduciary in a breach of fiduciary trust then the non-fiduciary is likewise liable. The rationale behind these holdings is that ERISA federalized the common law of trusts, thus incorporating

---

6. Instead, the Internal Revenue Code levies a tax on amounts received by "disqualified persons" in prohibited transactions. *See* 26 U.S.C. § 4975(a), (b). The definition of "disqualified persons" is virtually identical to the definition of parties in interest under ERISA.

The fact that Congress has provided an explicit penalty for parties in interest who participate in prohibited transactions does not affect our conclusion that section 502(a)(3) provides a remedy against such persons. The tax is not a *remedy* but, in essence, a civil penalty; interpreting the tax as exclusive would leave plans and their participants with no recourse against persons clearly covered by the Act who violate its provisions, not a result likely contemplated by Congress.

Moreover, section 4975 clearly contemplates that the tax does not foreclose remedial action by the Secretary of Labor and, implicitly, participants or beneficiaries as well. Under section 4975(h), the Secretary of the Treasury is required to notify the Secretary of Labor before sending a notice of deficiency with respect to the tax in order to give the latter "a reasonable opportunity to obtain a correction of the prohibited transaction...." 26 U.S.C. § 4975(h); *see also McDougall*, 539 F.Supp. at 599.

7. We note that some of Frommer's alleged misdeeds may not fall within the definition of prohibited transactions. To the extent they do not, ERISA provides no remedy.

the basic trust principle imposing liability on third-party non-fiduciaries.

Judge Kozinski applies what he terms a "plain language" analysis to section 409(a). At 871. He notes that by its terms 409(a) refers only to the liability of "fiduciaries." He argues, therefore, that resort to the legislative history of ERISA is inappropriate. However, 409(a) must not be read in isolation. It is simply one section among many that impose liability on those who violate the substantive provisions of the ERISA Act. Section 409(a) must be read in conjunction with the rest of the Act. For example, section 502(a)(3), 29 U.S.C. § 1132(a)(3), broadly allows a beneficiary of an ERISA plan to bring an action to redress any violation of the Act. By reading section 409(a) in isolation, Judge Kozinski ignores the clear requirement of the Act to provide the broadest possible remedies under ERISA to plan beneficiaries. *Donovan v. Mazzola*, 716 F.2d 1226, 1235 (9th Cir. 1983), *cert. denied*, 464 U.S. 1040, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984) (citing *Freund*).

Judge Kozinski also rejects Sen. Williams' statement that Congress intended in ERISA "to make applicable the law of trusts; ... to establish uniform fiduciary standards to prevent transactions which dissipate or endanger plan assets, and to provide effective remedies for breaches of trust." 1974 U.S.Code Cong. & Admin. News, pp. 4639, 5186, 93d Cong.2d Sess., 1974 (hereinafter "Leg.Hist."). He notes that *Freund*, the seminal case finding that ERISA remedies include common law trust remedies, principally relies on this statement. Sen. Williams' remarks, however, are not the only statements in the legislative record supporting the application of common law trust principles to ERISA. In *Eaves v. Penn*, 587 F.2d 453, 462 (10th Cir.1978) a pre-*Freund* case, the Tenth Circuit noted that various other Committee reports addressed in the original ERISA Bill demonstrate congressional intent to provide the broadest possible remedies under ERISA.

For example, the Senate Committee on Labor & Public Welfare in its "do pass" report, stated that the "fiduciary responsibility section, in essence, codifies and makes applicable to these fiduciaries cer-

tain principles developed in the evolution of law of trusts." *Leg.Hist.* at 4865. The Report further states that the core principles of fiduciary conduct under the Act are adopted from existing trust law. *Leg.Hist.* at 4866. The House Report of the Education & Labor Committee also states that "[t]he principles of fiduciary conduct are adopted from existing trust law...." *Leg. Hist.* at 4651. Thus, support for the proposition that common law trust principles are incorporated into ERISA is found not only in a floor statement by a single senator but is amply supported by Committee reports and other legislative history.

The opinion reaches the right result in finding Attorney Frommer potentially liable under ERISA. However, Judge Kozinski creates a needless circuit conflict by rejecting his liability under 409(a). I would adopt the holdings of the numerous other circuits that have previously addressed the issue.

This circuit has also broadly held that "[i]n effectuating this provision [Section 409(a)], Congress intended the courts to draw on the principle of traditional trust law." *Mazzola*, 716 F.2d at 1235 (citing *Freund*). Judge Kozinski attempts to dismiss *Mazzola*. He states that *Mazzola* "merely notes that Congress derived the Act's provisions related to fiduciaries from the common law of trusts," and does not stand for the proposition that the common law of trusts supplies a federal remedy where the statute itself does not seem to provide one. At 872. Judge Kozinski, however, misconstrues *Mazzola*. What *Mazzola* did find was that a proper 409(a) remedy, borrowed directly from the law of trusts, included the posting of a one million dollar bond to provide security to protect against losses to an ERISA plan. The district court had ordered the posting of the bond by the plan's trustees until the balance on a bad loan made by the trustees was reduced to a certain figure. The court noted that though 409(a) did not by its terms provide for such a bond "[w]here there has been a breach of fiduciary duty, ERISA grants to the courts broad authority to fashion remedies for redressing the interests of participants and beneficiaries." *Mazzola*, 716 F.2d at 1235 (citing *Eaves v.*

*Penn*). The court looked directly to the law of trusts for the basis of the bond requirement.[1] *Mazzola* is directly applicable to the case at bar. It found that section 409(a) remedies must be interpreted in light of the common law of trusts. In *Mazzola*, this circuit has already held that 409(a) incorporates common law trust remedies. Judge Kozinski's opinion directly contradicts *Mazzola* and creates an intra-circuit conflict.[2]

**1.** *Mazzola* also affirmed the appointment by the lower court, under 409(a), of an investment manager to assume control over the assets of the plan for ten years. The court noted that: At common law, the court could completely remove a trustee if the court found that continuation as a trustee would harm the beneficiary's interests.... Under the broad remedial provision of ERISA courts have also found removal of fiduciaries to be an appropriate remedy upon findings of imprudence, divided loyalties, and prohibited transactions. *See e.g., Freund....* Thus, in the present case where the trustees committed numerous ERISA violations, the district court acted well within its broad discretion in divesting the individual appellants of their investment functions as trustees of the Pension Fund.

*Mazzola*, 716 F.2d at 1238–39 (citations omitted).

**2.** Judge Kozinski dismisses the import of Sen. Williams' remarks that ERISA incorporates the common law of trusts. *Mazzola* cites *Eaves* for the proposition that Congress intended the courts to apply common law trust remedies. *Eaves* relied on Sen. Williams' statement as well as other Committee reports as authority for rescinding a purchase-sale transaction by an ERISA plan and ordering lost profits be restored to the plan.

