**FRAMINGHAM UNION HOSPITAL, INC. et al., Plaintiffs,**

v.

**The TRAVELERS INSURANCE COMPANY et al., Defendants.**

**Elizabeth DOLE, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**FRAMINGHAM UNION HOSPITAL, INC. et al., Defendants.**

**Civ. A. Nos. 89–0209–S, 89–1936–S.**

United States District Court,
D. Massachusetts.

July 26, 1990.

**30**

Margaret H. Raymond, Stephen K. Ault, Sullivan & Worcester, Boston, Mass., for plaintiffs.

Thomas Peisch, James Kavanaugh, Conn, Kavanaugh, Rosenthal & Peisch, Alan R. Hoffman, Hoffman & Sands, Edgar S. Murray, A. Van C. Lanckton, Craig & Mancaulf, P.C., Jerome P. Facher, Merriann M. Panarella, Hale & Dorr, Mary Jo Johnson, David Hawkins, Morrissey & Hawkins, Jeremiah T. O'Sullivan, Choate, Hall & Stewart, Boston, Mass., Stewart T. Herrick, Herrick & Associates, Framingham, Mass., Richard V. Wiebusch, Hale & Dorr, Manchester, N.H., for defendants.

## MEMORANDUM AND ORDERS ON MOTIONS FOR JUDGMENT ON THE PLEADINGS AND PARTIAL SUMMARY JUDGMENT, AND OTHER MOTIONS

SKINNER, District Judge.

Most of the parties to these related ERISA enforcement actions have settled their differences. Partial consent judgments were entered in March 1990. Two parties, Edward M. Clasby and C.T. Garrahan Insurance Agency, Inc., did not join the settlement and remain as defendants in each case. Cross-claims by and against these defendants are also pending. This memorandum resolves all outstanding motions. Because the principal issues are the same in both cases, I shall discuss them together.

### The Pleadings

The defendants in these actions allegedly violated the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461, by investing assets of the Framingham Union Hospital's employee benefit plan in life insurance policies on Hospital employees. These investments allegedly were imprudent and also constituted prohibited transactions between the Plan and certain parties in interest. 29 U.S.C. §§ 1104, 1106. The transactions allegedly involved breaches of fiduciary duty by Plan fiduciaries and "knowing participation" in those breaches by the non-fiduciary defendants. 29 U.S.C. § 1109.

Defendants Clasby and James W. Walckner, the Hospital's executive vice-president, allegedly devised the scheme. Clasby was president of the Hospital's board of trustees and served briefly as a trustee of the Plan. Clasby is an insurance broker and the principal of defendant C.T. Garrahan, which acted as sales agent for the insurance policies. Defendants Edgar S. Murray III and David G. Player are other insurance agents involved in the scheme. Murray's employer, defendant The Travelers Insurance Company, underwrote the program. The Hospital, the Plan, and the current trustees of the Plan are the plaintiffs in the private action. The Hospital and the former Plan trustees are defendants in the Department of Labor (DOL) suit. An accountant, Andrew C. Fantasia, and his business, Fantasia & Co., P.C. (collectively "Fantasia"), are named as defendants in the private suit only.

The DOL complaint alleges that Clasby and C.T. Garrahan were parties in interest under the statute, 29 U.S.C. § 1002(14), and knowingly participated in the prohibited transactions and other breaches of fiduciary duty by Plan fiduciaries. The DOL complaint does not allege that Clasby or C.T. Garrahan was a fiduciary. Nevertheless, DOL seeks relief under 29 U.S.C. § 1132(a)(2) for breach of fiduciary duty on the theory that Clasby and C.T. Garrahan promoted the fiduciaries' breach.

The amended complaint in the private action alleges that Clasby was a Plan fidu-

ciary since he directly and indirectly gave investment advice for a fee and exercised discretionary authority or control with respect to Plan assets; he is therefore liable under 29 U.S.C. § 1132(a)(2) for breach of fiduciary duty (Count I). *See* §§ 1002(21)(A), 1104, 1106, 1109. Count II seeks to recover from Clasby and C.T. Garrahan as "knowing participants" in breaches of fiduciary duty by others. Count XII states a claim against Clasby and C.T. Garrahan for unfair or deceptive acts or practices under M.G.L. c. 93A. The allegations in the private action are more fully set forth in *Framingham Union Hosp., Inc. v. Travelers Ins. Co.*, 721 F.Supp. 1478 (D.Mass.1989) (deciding motions to dismiss).

Clasby and C.T. Garrahan have moved for judgment on the pleadings on the claims in both actions for knowing participation in breaches of fiduciary duty. The Secretary of Labor has moved to strike Clasby and C.T. Garrahan's defense that her complaint fails to state a claim.

A number of cross-claims are also pending. In the private action, Clasby and C.T. Garrahan seek contribution from all other defendants and indemnity from all but Player on the ERISA and c. 93A claims. (Walckner, however, is not alleged to be liable under c. 93A.) In the DOL action, Clasby and C.T. Garrahan seek contribution and indemnity from the Hospital and Walckner; Clasby also filed a cross-claim against the Hospital based on contractual indemnity under the Hospital's by-laws. In the private action, Clasby and C.T. Garrahan have moved for an order dismissing the Hospital as a plaintiff and for leave to file a third-party complaint against the Hospital for contribution and indemnity; alternatively, they seek leave to file counterclaims against the Hospital. In the DOL action, the Hospital and the trustees seek a declaratory judgment barring claims by Clasby and C.T. Garrahan for contribution and indemnity. Walckner and Fantasia filed cross-claims for contribution and indemnity against Clasby and C.T. Garrahan. Fantasia, but not Walckner, seeks voluntary dismissal of his cross-claim under Fed.R.Civ.P. 41(c), as required by the

settlement agreement. The cross-claim defendants on all of the claims for contribution and indemnity have filed motions for partial summary judgment. I construe the settling defendants' motion as including a motion for summary judgment on the Hospital and trustees' cross-claim for declaratory judgment.

*"Knowing Participant" Liability*

The claims for knowingly participating in a breach of fiduciary duty are said to derive from § 1109, which states in part:

(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate....

(b) No fiduciary shall be liable with respect to a breach of fiduciary duty under this subchapter if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary.

The plain language of § 1109 limits coverage to "[a]ny person who is a fiduciary." Nothing in the statute suggests that Congress intended to hold non-fiduciaries liable for "knowing participation" in a violation of the statute. Section 1105, moreover, deals explicitly with liability for knowing participation, limiting it to misconduct by co-fiduciaries of the same plan:

(a) ... In addition to any liability which he may have under any other provision of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:

(1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach....

■ The natural implication of these provisions is that *only* fiduciaries have a duty under §§ 1105 and 1109 to avoid participating in wrongdoing. That is how § 1109 was read in *Nieto v. Ecker*, 845 F.2d 868 (9th Cir.1988). See also *Batchelor v. Oak Hill Medical Group*, 870 F.2d 1446, 1448 (9th Cir.1989). The Ninth Circuit has rejected the notion that Congress intended wholesale incorporation of the common law of trusts, which provides a remedy against non-fiduciaries for knowing participation under some circumstances.[1]

The court in *Nieto* found support for its plain reading of the statute in *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), which held that extracontractual damages suffered by a beneficiary could not be recovered on a claim for breach of fiduciary duty under §§ 1109 and 1132(a)(2). The Court cautioned against reading additional remedies into the statutory scheme:

> The six carefully integrated civil enforcement provisions found in § 502(a) of the statute [29 U.S.C. § 1132(a) ] ... provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly. The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a "comprehensive and reticulated statute." ...
> We are reluctant to tamper with an enforcement scheme crafted with such evident care as the one in ERISA.... "[W]here a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." "The presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement."

473 U.S. at 146–47, 105 S.Ct. at 3092–93 [citations omitted].

The concurring opinion agreed that there was no basis for the plaintiff's claim under § 1109, since such claims are brought in a representative capacity on behalf of the plan as a whole, but noted that the question of what remedies are available under § 1132(a)(3)(B) was not presented. *Id.* at 150, 105 S.Ct. at 3094 (Brennan, J., concurring). *See also* 473 U.S. at 139 n. 5, 105 S.Ct. at 3088 n. 5 (majority opinion). (Unlike § 1132(a)(2), subsection (a)(3) authorizes direct relief to beneficiaries.)

That question has been partially answered in this circuit by *Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821 (1st Cir.), *cert. denied*, 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988), which applied the analysis of *Russell* to bar claims for extracontractual damages under § 1132(a)(3)(B). Following a Ninth Circuit opinion rendered in the wake of *Russell* (itself a Ninth Circuit case), *Sokol v. Bernstein*, 803 F.2d 532, 538 (9th Cir.1986), our court of appeals held that Congress intended "equitable relief" to mean injunctive or declaratory relief, not compensatory and punitive damages. *Drinkwater*, 846 F.2d at 824, 825. The court remarked:

> It is clear that the comprehensive provisions of ERISA were intended by Congress to be the exclusive remedy for beneficiaries under ERISA-authorized plans. In light of that history, we cannot conclude that Congress intended to authorize any form of relief other than what was expressly granted.

*Id.* at 824. *Drinkwater* thus declined the invitation of the concurring justices in *Russell* to fashion expansive remedies under the rubric of "other appropriate equitable relief" and shows our court's intention to apply *Russell* to exclude causes of action not expressly provided by statute.

I find *Nieto* persuasive, especially in the light of *Drinkwater*. The alternative doctrine, which permits actions against non-fiduciaries for knowing participation, originated before *Russell*, and later courts have given that decision insufficient attention.

---

1. The parties have not explored the Massachusetts law of trusts on this subject, and I see no

reason to enter that thicket uninvited.

*Nieto,* 845 F.2d at 871–72; *Useden v. Acker,* 721 F.Supp. 1233, 1244 n. 16 (S.D.Fla. 1989). *Drinkwater,* on the other hand, construes *Russell* broadly. Although *Nieto* has yet to be followed outside the Ninth Circuit,[2] to my knowledge only one court not bound by contrary authority has rejected *Nieto. Pension Fund—Local 701 v. Omni Funding Group,* 731 F.Supp. 161, 177–79 (D.N.J.1990). *Omni Funding,* like the cases upon which it relies, builds "very much on very little" in holding that Congress's intention to engraft trust-law principles onto ERISA authorizes the courts to extend liability to a class of defendants not named in the statute. *Nieto,* 845 F.2d at 872. In my opinion, the courts' authority to adopt trust-law principles is limited to fashioning "appropriate relief" under specified causes of action, among specified parties. See *Nieto,* 845 F.2d at 872 and n. 3.[3]

Of course, equitable relief may be had against parties in interest that have benefited from prohibited transactions, under § 1132(a)(3) and (a)(5). *Nieto,* 845 F.2d at 874. Although the amended complaint in the private action does not explicitly invoke this theory, it does allege that Clasby and C.T. Garrahan are parties in interest and knowingly participated in a breach of § 1106. Accordingly, I will construe Count II as pleading a claim under § 1132(a)(3)(B)(i). Fed.R.Civ.P. 8(f). Similarly, the DOL complaint states such a claim under § 1132(a)(5).

*Contribution and Indemnity*

Since the claims against Clasby and C.T. Garrahan as non-fiduciary participants in a breach of fiduciary duty are invalid, their argument in favor of contribution and indemnity from the breaching fiduciaries is academic. Clasby admits that he is not entitled to contribution or indemnity under ERISA for any liability he may have as a fiduciary.

■ Nor would contribution or indemnity be appropriate if Clasby and C.T. Garrahan are found liable as parties in interest under § 1132(a)(3) and (a)(5). After *Drinkwater, supra,* it appears that the plaintiffs' monetary relief as part of an equitable remedy would be limited to disgorgement of the commissions paid to Clasby and C.T. Garrahan. A defendant's liability for his own ill-gotten gains cannot be shifted, even to one more culpable.

The above rulings make it unnecessary to decide whether the settlement agreement warrants dismissal of Clasby and C.T. Garrahan's cross-claims under *Austin v. Raymark Industries, Inc.,* 841 F.2d 1184 (1st Cir.1988), or the federal policy favoring settlements. Dismissal on the basis of *Austin,* at least, would require that the comparative fault of the settling defendants be determined in order to calculate Clasby and C.T. Garrahan's fair share of the liability. It is unclear what would be the appropriate settlement rule under ERISA. See *Donovan v. Robbins,* 752 F.2d 1170, 1180–81 (7th Cir.1985).

■ With respect to their liability under c. 93A, Clasby and C.T. Garrahan's cross-claims fail to state a claim for indemnity under Massachusetts law. The statute does not expressly provide for indemnity, and it is well established under Massachusetts law that an active wrongdoer may not seek common law indemnity. See, e.g., *In re Atlantic Fin. Mgt., Inc. Securities Lit.,* 718 F.Supp. 1012 (D.Mass.1988); *Federal*

---

**2.** But see *Useden,* 721 F.Supp. at 1244–45 (approving *Nieto* in dicta).

**3.** Even applying the modern maxim that the language of a statute should be consulted only when its legislative history is ambiguous, the plain language of §§ 1109 and 1132(a)(2) must control. The legislative history discussed by the Secretary of Labor and in the parties' supplemental briefs submitted for filing (if the term "history" may properly be applied to subsequent Congressional activity) is inconclusive. I note here that both sides have dribbled multiple briefs into the file over a period of months. Because any arguments based on extrinsic evidence of Congressional intent could and should have been made at the outset, leave to file the following memoranda is hereby denied: Clasby and C.T. Garrahan's Reply in the private action (docket # 110), Plaintiffs' Surreply in the private action (docket # 111), Clasby and C.T. Garrahan's Reply in the DOL action (docket # 49), the Hospital's Surreply in the DOL action (docket # 50), and the Secretary of Labor's Surreply (docket # 51), and these papers shall be returned to the parties submitting them.

*Deposit Ins. Corp. v. Caolo,* 478 F.Supp. 1185, 1186 (D.Mass.1979) (citing Massachusetts cases). Even if a finding of liability under c. 93A does not always imply active wrongdoing, there is nothing in the pleadings to suggest that a judgment against either Clasby or C.T. Garrahan might be based solely on the wrongdoing of any of the settling defendants.

It is unclear whether defendants may seek contribution from joint violators of c. 93A. The Supreme Judicial Court has noted that "a right of contribution is not expressed in [M.G.L. c. 93A] §§ 9 and 11...." *International Fidelity Ins. Co. v. Wilson,* 387 Mass. 841, 443 N.E.2d 1308, 1318 (1983). Certainly, a right of contribution against unaffiliated defendants for the punitive element of any award would be incompatible with Clasby and C.T. Garrahan's independent liability for multiple damages under c. 93A. Compare *International Fidelity,* 443 N.E.2d 1308 (holding defendants independently liable), and *Piccuirro v. Gaitenby,* 20 Mass.App. 286, 480 N.E.2d 30, 35 (1985) (holding c. 93A defendant jointly and severally liable with contract defendant for compensatory damages, but basing multiple damages against c. 93A defendant on whole amount of compensatory award), with *Pepsi–Cola Metro. Bottling Co. v. Checkers, Inc.,* 754 F.2d 10 (1st Cir.1985) (distinguishing *International Fidelity* and approving joint and several multiple damages against defendants who were alter egos or vicariously liable). According to the pleadings, there is no such relationship between Clasby or C.T. Garrahan and the settling defendants as would warrant even joint and several liability for a punitive award.

Our court, however, has held that contribution is available among c. 93A defendants for compensatory damages, based on M.G.L. c. 231B, § 1(a). *Kennedy v. Josephthal & Co.,* Fed.Sec.L.Rep. (CCH) ¶ 99,204 (D.Mass.1983). The settling defendants in fact do not argue that Clasby and C.T. Garrahan fail to state a claim for

contribution. Rather, they argue that the cross-claim is barred by the settlement, as provided by M.G.L. c. 231B, § 4. Since Clasby and C.T. Garrahan do not contest that the settlement agreement was made in good faith, the settling defendants are entitled to summary judgment on this ground. M.G.L. c. 231B, § 4(a) reduces the claim against Clasby and C.T. Garrahan by the amount of the settlement. *Atlantic Financial Management,* 718 F.Supp. at 1015. Accordingly, I rule that the settling defendants are discharged from liability for contribution on any compensatory award under c. 93A, but that the claim for actual damages against Clasby and C.T. Garrahan shall be reduced under c. 231B, § 4(a). I shall defer ruling whether *International Fidelity* and *Piccuirro, supra,* imply that this reduction under c. 231B should be ignored when calculating multiple damages.

I have considerable doubt whether Clasby could claim indemnity under the Hospital's by-laws if he is found liable under ERISA or c. 93A. If he is not found liable, however, he may be entitled to have his reasonable litigation expenses paid. On the current record, the Hospital has not shown that it is entitled to summary judgment on Clasby's claim for contractual indemnity. This issue was addressed peripherally by the parties.[4] If it resurfaces, additional briefing will be required.

After Clasby and C.T. Garrahan moved for summary judgment on Fantasia's cross-claim, Fantasia sought leave to dismiss the claim voluntarily under Fed.R.Civ.P. 41(c). Since Fantasia has stated that he would consent to dismissal with prejudice if Clasby and C.T. Garrahan's claims for contribution and indemnity against him were barred, I will allow summary judgment.

Walckner has opposed Clasby and C.T. Garrahan's motions for summary judgment on his cross-claims, on the ground that Walckner was not a fiduciary. However, the principal basis for the motions is that Clasby and C.T. Garrahan were not fiduciaries, and that ERISA implies no right of

---

**4.** The first substantial discussion came in the Hospital's reply memorandum, in which the Hospital invoked M.G.L. c. 180, § 6. Although

the cited provision may further the purposes of ERISA, it would appear to be preempted under 29 U.S.C. § 1144.

contribution or indemnity against non-fiduciaries. Walckner has not responded to this argument, which has some appeal. Walckner has not alleged in his cross-claims that Clasby and Garrahan were fiduciaries; indeed, his answer in the private action denies the plaintiffs' allegations that Clasby was a fiduciary. Moreover, Walckner is obliged under ¶ 11 of the settlement agreement to dismiss his cross-claims, but has not moved to do so. I will allow summary judgment.

Clasby and C.T. Garrahan have moved to dismiss the Hospital as a party plaintiff on the ground that its interests are adverse to those of the Plan. I have already ruled that the amended complaint adequately pleads that the Hospital is a fiduciary entitled to sue on behalf of the Plan for equitable relief under § 1132(a). *Framingham Union Hospital*, 721 F.Supp. at 1485. The instant motion seeks to disqualify the Hospital from performing certain of its duties as a fiduciary, based on its involvement in the alleged misconduct, and is thus tantamount to a demand for the Hospital's removal under § 1109. Clasby and C.T. Garrahan have no standing to request such relief on behalf of the Plan. They cite no authority for barring a fiduciary from suing its co-defendants in a representative capacity. Neither DOL nor any other qualified party has sought removal of the Hospital as a fiduciary.

*Request for Entry of Final Judgment under Fed.R.Civ.P. 54(b)*

The settling defendants have asked me to direct that final judgment be entered on Clasby and C.T. Garrahan's cross-claims. My ruling on the cross-claims, however, is based in large part on my decision that non-fiduciaries are not liable under § 1132(a)(2). Since no party has requested entry of a final judgment on those claims, that decision is currently unreviewable. Furthermore, final judgment on that piece of the litigation against Clasby and C.T. Garrahan would be premature. Orderly appellate procedure requires that no final judgments be entered at this time.

Accordingly:

The motions of Clasby and C.T. Garrahan for judgment on the pleadings are allowed as to the claims alleging that they are liable under 29 U.S.C. § 1132(a)(2) as non-fiduciaries that knowingly participated in a breach of fiduciary duty;

The Secretary of Labor's motion to strike Clasby and C.T. Garrahan's first affirmative defense is denied;

The Hospital's motion for summary judgment on Clasby's cross-claim for indemnity under the by-laws (Count II of Clasby's cross-claims in the DOL action) is denied;

The settling defendants' motions for partial summary judgment on Clasby and C.T. Garrahan's other cross-claims for contribution and indemnity are allowed;

The Hospital and trustees' motion for partial summary judgment on their cross-claim for declaratory judgment barring Clasby and C.T. Garrahan's claims for contribution and indemnity is denied as to Clasby's right to indemnity under the by-laws and otherwise allowed;

Clasby and C.T. Garrahan's motions for partial summary judgment on Walckner's and Fantasia's cross-claims for contribution and indemnity are allowed;

Fantasia's motion to dismiss it's cross-claims under Fed.R.Civ.P. 41(c) is denied;

Clasby and C.T. Garrahan's motion to dismiss the Hospital as a party plaintiff is denied; and

Clasby and C.T. Garrahan's motion for leave to file a third-party complaint or counterclaims against the Hospital is denied. Fed.R.Civ.P. 13(f).