**GLAZIERS AND GLASSWORKERS UNION LOCAL 252 ANNUITY FUND, et al., Plaintiffs,**

v.

**NEWBRIDGE SECURITIES, INC., Janney Montgomery Scott, Inc., Provident National Bank, and Socket, et al., Defendants.**

v.

**James A. WILLIAMS, et al., Third Party Defendants.**

Civ. A. No. 90–8101.

United States District Court, E.D. Pennsylvania.

Dec. 3, 1992.

Gerald E. Arth, Ira B. Silverstein, Leslie M. Gerstein, Brian M. Fleischer, Lisa A. Carney, Fox, Rothschild, O'Brien & Frankel and Kenneth M. Kolaski, Reed Smith Shaw & McClay, Philadelphia, PA, for plaintiffs.

Christopher D. Warren, Conrad, O'Brien, Gellman & Rohn, P.C., Philadelphia, PA, Judith Welcom, Brown & Wood, Felice M. Batlan, John J. O'Connell, Stein, Zauderer, Ellenhorn, Frischer & Sharp, New York City, William A. De Stefano, De Stefano & Warren, P.C., Philadelphia, PA, for defendants.

Warren T. Pratt, Drinker, Biddle & Reath, Philadelphia, PA, for movant.

Robert W. Hayes and Scott M. Waldman, Cozen & O'Connor, Philadelphia, PA, for cross-claimants.

Elizabeth H. Fay, Philadelphia, PA, for Janney Montgomery Scott, Inc., cross-defendant.

Anjali Jesseramsing, Geoffrey A. Kahn, and Arthur Makadon, Ballard, Spahr, Andrews and Ingersoll, Philadelphia, PA, for Provident Nat. Bank, cross-defendant.

Walter R. Milbourne, Paula D. Shaffner, Saul, Ewing, Remick & Saul, Philadelphia, PA, for Jungers, O'Connell & Bacheler, P.C., John P. Jungers.

Patrick Matusky, Jennifer L. Haltzman, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, PA, for Equibank, Inc.

### MEMORANDUM

JOYNER, District Judge.

The plaintiffs in this action are the Glaziers and Glassworkers Union Local 252's Annuity, Vacation, Pension and Health and Welfare Funds (the "Plans") as well as two trustees of the Plans. Plaintiffs contend that between 1985 and 1990, Michael Lloyd ("Lloyd") was the investment manager of the Plans and during that time he systematically defrauded the Plans and made speculative investments with the Plans' assets causing the Plans to lose approximately $3 million. Plaintiffs brought federal actions against, *inter alia,* Janney Montgomery Scott, Inc. (their former brokerage firm), Provident National Bank (their former custodian of assets), Newbridge Securities (their former clearing broker), Jungers, O'Connell & Bacheler and John P. Jungers (their former accountant and accounting firm) and all the former and present trustees and administrators of the Plans [1]. Plaintiffs aver that the defendants by and through their acts or omissions were all instrumental in allowing and/or assisting Lloyd to defraud the Plans.

Presently before the court is the motion of Jungers, O'Connell & Bacheler and John P. Jungers ("Jungers") to dismiss the claims against them. For the reasons which follow, we will grant the motion.

A court may grant a motion to dismiss in accordance with Fed.R.Civ.P. 12(b)(6) if it appears beyond a doubt that the plaintiff can prove no facts to support the relief requested. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.,* 836 F.2d 173, 179 (3d Cir.1988). In deciding a motion to dismiss, the court must accept as true all well plead factual allegations of the non-moving party, and must view all inferences in the light most favorable to that party. *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249–50, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989); *Rocks v. Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989).

In their complaint, plaintiffs allege that Jungers knew or should have known of the various breaches of fiduciary duties by Lloyd and the Plans' administrators and trustees. Plaintiffs further aver that Jungers failed to bring Lloyd's activities to the attention of the Plans' beneficiaries, issued misleading financial statements, improperly prepared Forms 5500, failed to bring to the attention of the beneficiaries the administrators' and the trustees' failures to disclose Lloyd's activities and otherwise knowingly participated in the various breaches of fiduciary duties involved in this case. Plaintiffs entitle this claim generally "ERISA—Participation In a Fiduciary's Breach." Plaintiffs' also incorporate and reassert all the claims made in a similar state court action, namely, negligence, malpractice, misrepresentation, breach of contract and breach of fiduciary duty.

Although plaintiffs have referred to no particular provision of the Employee Retirement Income Security Act ("ERISA") under which they are bringing their claim against

---

1. By Order dated September 30, 1992 all of these actions were consolidated leaving the leading case as Civil Action No. 90–8101.

Jungers, we can assume that plaintiffs are basing their claim upon 29 U.S.C. § 1109(a) ("§ 1109") which provides an express cause of action for damages caused by a breach of fiduciary duty by a fiduciary [2]. In this case, the plaintiffs do not allege that Jungers, an independent accounting firm, is a fiduciary. Therefore, the issue before us is whether § 1109 can be interpreted to provide for an implied cause of action against non-fiduciaries who participate in a fiduciary's breach of duty.

 The state of the law on this issue is far from clear. However, we find that to imply such a cause of action would be in derogation of the Congressional intent behind the creation of such a "comprehensive and reticulated statute." *Massachusetts Mutual Life Insurance Company v. Russell*, 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985). In determining whether a cause of action can be implied in a statute which does not expressly provide for one, the case of *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) provides a four-part analysis: (1) whether the plaintiff is in the class for whose especial benefit the statute was enacted; (2) whether there is any indication that Congress intended to imply a remedy; (3) whether a remedy is consistent with the purposes underlying the legislative scheme; and (4) whether the cause of action is one traditionally relegated to state law. *Id.* at 78, 95 S.Ct. at 2088. We find that to imply a cause of action against a non-fiduciary under § 1109 is inconsistent with ERISA's legislative scheme. *Mertens v. Hewitt Associates*, 948 F.2d 607 (9th Cir.1991) *cert. granted*, —— U.S. ——, 113 S.Ct. 49, 121 L.Ed.2d 19 (1992); *Painters of Philadelphia District Council No. 21 Welfare Fund v. Price Waterhouse*, 879 F.2d 1146, 1152 (3d Cir.1989); *Nieto v. Ecker*, 845 F.2d 868, 872 (9th Cir.1988); *Albert Einstein Medical Care Foundation v. National Benefit Fund for Hospital and Health Care Employees*, 1991 WL 114614, * 11 (E.D.Pa.1991).

In a footnote, the Third Circuit indicated that one exception may exist. *Painters*, 879 F.2d at 1153 n. 9. That exception is where the non-fiduciary in any way knowingly participates in or facilitates the fiduciary in the breach of the latter's duties. *Id.* It is upon this exception that many of the cases that have found an implied cause of action against non-fiduciaries to exist have relied. *Dole v. Compton*, 753 F.Supp. 563, 568 (E.D.Pa. 1990); *Pension Fund Local 701 v. Omni Funding Group*, 731 F.Supp. 161 (D.N.J. 1990); *Brock v. Gerace*, 635 F.Supp. 563, 567 (D.N.J.1986); *Donovan v. Bryans*, 566 F.Supp. 1258, 1267 (E.D.Pa.1983); *Freund v. Marshall & Ilsley Bank*, 485 F.Supp. 629 (W.D.Wis.1979). These cases have also proceeded upon the assumption that Congress intended to include the entirety of the common law of trusts, *see Nieto v. Ecker*, 845 F.2d at 871–2 and 874–5, which, as enunciated in the *Restatement of Trusts, 2d* § 326 (1959), provides "[a] third person who ... has notice that the trustee is committing a breach of trust and participates therein is liable to the beneficiary for any loss caused by the breach of trust."

Plaintiffs' complaint alleges that Jungers knowingly participated in or facilitated the various breaches of fiduciary duties involved in this case (Complaint ¶¶ 64, 65 and 69). If this court were to recognize the scienter exception as outlined above, we admit that the facts alleged would suffice to withstand the motion to dismiss.

However, in *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Supreme Court found that only where ERISA is not clear on an issue may the federal courts look to the language and terminology of trust law to fill in the gaps. *Id.* at 108–10, 109 S.Ct. at 953–54. In explaining the *Firestone* decision, the Eleventh Circuit stated in *Useden v. Acker*,

---

2. This section states:

§ **1109. Liability for breach of fiduciary duty**
(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary ...

947 F.2d 1563 (11th Cir.1991), that "a court should only incorporate a given trust law principle if the statute's text negates an inference that the principle was omitted deliberately from the statute." 947 F.2d at 1581. Not only is § 1109 a comprehensive statute requiring no gap-filling, but to superimpose a cause of action against non-fiduciaries where the language is unambiguous would "violate a fundamental principle of statutory construction." *Nieto,* 845 F.2d at 873 *cited approvingly in Painters,* 879 F.2d at 1151 n. 6.

Plaintiffs contend that the 1989 amendment to 29 U.S.C. § 1132 which permits the Secretary of Labor to assess civil penalties against a fiduciary *or other person* supports their position that Congress intended to create the cause of action which they presently advance. However, we feel that a Congressional grant of authority upon the Secretary of Labor is not synonymous with a grant of authority upon a private plaintiff. An examination of the legislative history of this amendment further supports our decision that ERISA does not provide a cause of action against a non-fiduciary for knowing participation in a breach of fiduciary duty in that Congress expressly contemplated and later rejected a provision which would have overruled the Ninth Circuit's holding in *Nieto v. Ecker,* 845 F.2d 868 (9th Cir.1988). *Mertens,* 948 F.2d at 612 *citing* H.R.Rep. No. 101–247, 101st Cong., 1st Sess. 77–78 *reprinted in* 1989 U.S.Code Cong. & Admin.News 1906, 1969–70 and H.R. 3299, 101st Cong., 1st Sess. § 3151(e)(6), 135 Cong.Rec. H6006 (daily ed. Sept. 27, 1989).

Upon consideration of both the *Russell* and *Firestone* Supreme Court opinions, the language in the Third Circuit's *Painters* opinion, the legislative history of the recent amendment to 29 U.S.C. § 1132 as well as the plethora of conflicting opinions across the country, we refrain from giving § 1109 any meaning beyond that necessitated by its plain language. Without further guidance from our court of appeals, we refrain from reading any cause of action into ERISA. Rather, we will heed the Supreme Court's admonition in *Russell* that " 'where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it,' " 473 U.S. at 147, 105 S.Ct. at

3093 *quoting Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 19, 100 S.Ct. 242, 246, 62 L.Ed.2d 146 (1979), and stand beside those cases which have similarly declined to engraft a cause of action onto ERISA where the plain meaning of the statute dictates to the contrary. *See Mertens,* 948 F.2d 607 (9th Cir.1991); *Useden,* 947 F.2d 1563 (11th Cir.1991); *Nieto,* 845 F.2d 868 (9th Cir.1988); *Framingham Union Hospital, Inc. v. Travelers Ins. Co,* 744 F.Supp. 29 (D.Mass.1990); *Albert Einstein Medical Care Foundation,* 1991 WL 114614 (E.D.1991).

Accordingly, because plaintiffs rely on this court's supplemental jurisdiction to bring their state law claims against Jungers, these claims are dismissed for lack of subject matter jurisdiction. Similarly, the Trustees' cross-claims against Jungers for indemnification and contribution may be pursued in a separate action provided the adjudication of the present controversy necessitates such a claim.

An appropriate order follows.

### ORDER

AND NOW, this 3rd day of December, upon consideration of Defendant Jungers, O'Connell & Bacheler and John P. Jungers' Motion to Dismiss and Plaintiffs' response thereto, it is hereby ORDERED that the motion is GRANTED.