910 F.2d 514
 12 Employee Benefits Ca 2241
 ANOKA ORTHOPAEDIC ASSOCIATES, P.A.; Anoka Orthopaedic
Associates, P.A., Employees' Defined Benefit Pension Plan
and Trust; Anoka Orthopaedic Associates, P.A., Employees'
Profit Sharing Plan and Trust; Anoka Orthopaedic
Associates, P.A., Employees' Money Purchase Pension Plan and
Trust; Dr. Charles J. Cooley; Dr. Jon E. Wallestad; and
Dr. Phillip H. Haley, Appellants,
v.
Edward J. LECHNER; E.J. Lechner, J.D. Ltd.; John G.
Mutschler & Associates, Inc.; and John G.
Mutschler, Appellees.
Edward J. LECHNER and E.J. Lechner, J.D. Ltd.,
v.
Dr. Charles J. COOLEY; Dr. Jon E. Wallestad; Dr. Phillip
H. Haley; Mr. Ronald E. Flo and Anoka Orthopaedic
Associates, P.A.
Continental Insurance Company and Fidelity Casualty Company
of New York, Intervenors-Defendants Below.
ANOKA ORTHOPAEDIC ASSOCIATES, P.A.; Anoka Orthopaedic
Associates, P.A., Employees' Defined Benefit Pension Plan
and Trust; Anoka Orthopaedic Associates, P.A., Employees'
Profit Sharing Plan and Trust; Anoka Orthopaedic
Associates, P.A., Employees' Money Purchase Pension Plan and
Trust; Dr. Charles J. Cooley; Dr. Jon E. Wallestad; and
Dr. Phillip H. Haley,
v.
Edward J. LECHNER; E.J. Lechner, J.D. Ltd.; John G.
Mutschler & Associates, Inc.; and John G.
Mutschler, Appellees,
v.
CONTINENTAL INSURANCE COMPANY and Fidelity Casualty Company
of New York, Intervenors, Appellants.
Edward J. LECHNER and E.J. Lechner, J.D. Ltd.
v.
Dr. Charles J. COOLEY; Dr. Jon E. Wallestad; Dr. Phillip
H. Haley; Mr. Ronald E. Flo and Anoka Orthopaedic
Associates, P.A.
 Nos. 89-5200, 89-5224.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 18, 1990.
Decided Aug. 6, 1990.
 
 James P. Mulvahill, Minneapolis, Minn., for appellants.
 Kay Nord Hunt, Minneapolis, Minn., for appellee Lechner.
 Robert F. Henson, Minneapolis, Minn., for appellee Mutschler.
 Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.
 BRIGHT, Senior Circuit Judge.
 
 
 1
 In this action to recover damages based on an alleged breach of fiduciary duties under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Secs. 1001-1461 (1988), and based also on pendent state-law claims, the plaintiffs/appellants, a medical services group, its two employee benefit plans, and three employees who serve as trustees of the plans, appeal from the district court's[1] grant of partial summary judgment in favor of the defendants/appellees, a lawyer, an accountant, and their respective professional corporations.[2] 709 F.Supp. 1475. The appellants contend that the district court erred in ruling that the appellees were not fiduciaries under ERISA and thus not subject to liability for breaching fiduciary duties. We reject this contention and affirm.[3]I. BACKGROUND
 
 
 2
 Anoka Orthopaedic Associates, P.A. (Anoka), a Minnesota professional corporation, provides two employee benefit plans (the Plans) to its employees. The Plans name Anoka as the plan administrator and name as trustees Dr. Charles J. Cooley, Dr. Jon E. Wallestad and Dr. Phillip H. Haley (the Trustees). The Trustees are employees and shareholders of Anoka as well as beneficiaries of the Plans. Anoka, the Plans and the Trustees are the plaintiffs/appellants in this action.[4]
 
 
 3
 Ronald E. Flo (Flo) served as part-time business manager and accountant for Anoka and the Plans from 1974 through 1986. In these positions, Flo embezzled approximately $500,000 between 1977 and 1985. Flo persuaded the Trustees to issue checks to his personal order under the guise that the funds would be invested in certificates of deposit. He then converted the funds. Flo has since pled guilty to criminal charges of embezzlement.
 
 
 4
 From 1975 to 1986, Edward J. Lechner (Lechner) provided legal services to the appellants through his professional corporation, E.J. Lechner, J.D. Ltd. (Lechner Ltd.). Lechner designed the Plans and prepared legal documents necessary for their formation. Lechner also performed ongoing administrative services for the Plans, including preparation of annual statements and annual reports filed with the Department of Labor and Internal Revenue Service.
 
 
 5
 Lechner suggested to the Trustees that John G. Mutschler & Associates, Inc. (Mutschler & Associates), a Minnesota corporation specializing in the design and administration of employee benefit plans, be engaged to assist him. Thereafter, Ms. Katie Farnham, an employee of Mutschler & Associates, worked with Lechner in performing administrative and accounting tasks for the Plans. John G. Mutschler (Mutschler) owns a controlling share of Mutschler & Associates. Lechner, Mutschler and their corporations are the defendants/appellees in this action.
 
 
 6
 Appellees performed most of their services on an annual basis in connection with the Plans' year-end financial reports. In the course of preparing the year-end reports, appellees obtained documentation relating to the Plans' account activity from Flo and then used the information contained in the documents to complete the reports. Flo never provided copies of the certificates of deposit, but instead submitted transaction summaries. The parties dispute whether Lechner or the Trustees made the administrative decision to trust Flo's preparation of the transaction summaries without requiring copies of the actual certificates.
 
 
 7
 Aside from the year-end work, Lechner computed the interest of participants upon termination of their employment with Anoka, informed employees about the various aspects of the Plans and on several occasions met with Flo to discuss matters relating to the Plans. Flo and the Trustees alone handled the day-to-day bookkeeping of the Plans' transactions.
 
 
 8
 Appellees were generally not consulted about investments. The Trustees handled management of the Plans' funds and investments in consultation with other advisors, primarily Flo. Appellees concede that on one occasion they proposed an investment in a movie production. The parties dispute whether on another occasion Lechner proposed an investment in a Perkins restaurant.
 
 
 9
 Appellants brought this action under ERISA claiming that appellees qualify as fiduciaries under ERISA, that appellees breached their fiduciary duties by not requiring Flo to produce the actual certificates of deposit and that appellees' breach caused damages to appellants in the form of funds embezzled. Appellants also brought pendent state-law claims, including claims for professional malpractice. Both sides moved for partial summary judgment on the ERISA claim. The district court denied appellants' motion and granted appellees' motion on the grounds that appellees do not qualify as fiduciaries under ERISA. In the alternative, the court reasoned that even assuming that some of the services performed by appellees, such as the rendering of investment advice, conferred fiduciary status upon appellees, the alleged damages were not causally related to the performance of these services.
 
 II. DISCUSSION
 
 10
 Appellants contend that appellees are fiduciaries under ERISA and that the district court therefore incorrectly granted summary judgment in favor of appellees. We review this question of law de novo. See Butler v. MFA Life Ins. Co., 591 F.2d 448, 451 (8th Cir.1979).
 
 
 11
 ERISA provides for fiduciary status under the following circumstances:
 
 
 12
 [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.
 
 
 13
 29 U.S.C. Sec. 1002(21)(A).[5] Appellants contend that appellees possessed discretionary authority over the year-end reporting process and that appellees therefore qualify as fiduciaries under part (iii) of the above definition. Specifically, appellants contend that appellees made independent decisions relating to the administrative procedures governing the year-end reporting process, including the decision to conduct annual audits[6] and the decision to rely on the transaction summaries produced by Flo without requiring production of the actual certificates of deposit. Assuming these allegations to be true,[7] we nevertheless agree with the district court that appellees are not fiduciaries under ERISA.
 
 
 14
 The performance of ministerial functions, including the preparation of reports required by government agencies, does not entail discretionary authority or responsibility within the meaning of 29 U.S.C. Sec. 1002(21)(A). See 29 C.F.R. Sec. 2509.75-5, -8 (1989). In this case, the discretionary acts allegedly performed by appellees--the decision to conduct audits and decisions about the extent of documentation required--were ministerial tasks performed solely for the purpose of collecting information needed to complete year-end reports. If preparation of reports is not a discretionary act within the meaning of section 1002(21)(A), then it follows a fortiori that ministerial tasks undertaken solely to accomplish that end are not discretionary acts within the meaning of section 1002(21)(A). Appellees therefore do not qualify as fiduciaries under ERISA on the facts of this case.
 
 
 15
 This conclusion accords with the Ninth Circuit's ruling in Yeseta v. Baima, 837 F.2d 380, 385 (9th Cir.1988). The Yeseta court held that an attorney who rendered professional services to an employee benefit plan did not qualify as a fiduciary absent a showing that "he controlled the Plan in a manner other than by usual professional functions." Id. (citing 29 C.F.R. Sec. 2509.75-5). By the same analysis, the Yeseta court also held that an accountant who reviewed the books and prepared financial statements and tax returns for an employee benefit plan did not qualify as a fiduciary. Id. In this case, appellants have not alleged that appellees performed any services outside of their usual professional functions and we see no reason to deviate from the result in Yeseta. See also Nieto v. Ecker, 845 F.2d 868, 870 (9th Cir.1988).
 
 
 16
 Appellants argue that our decision in Monson v. Century Mfg. Co., 739 F.2d 1293, 1303 (8th Cir.1984), dictates that we reverse the judgment of the district court. In Monson, a class of approximately 600 employees sued the Century Manufacturing Company (Century), its employee benefit plan and a number of individual defendants on the grounds that they had breached their fiduciary duties under ERISA. This court held that defendant Weber, Century's general manager, was a fiduciary under ERISA because, among other things, he consulted on plan investments. Id. (citing Eaves v. Penn, 587 F.2d 453, 457-59 (10th Cir.1978)). In contrast, appellants are not contending on this appeal that appellees' rendering of investment advice confers fiduciary status upon appellees. Monson is therefore inapposite.[8]
 
 III. CONCLUSION
 
 17
 For the reasons discussed above, we determine that the district court did not err in ruling that appellees are not fiduciaries within the meaning of ERISA section 1002(21)(A). Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota
 
 
 [2]
 Technically, appellants have appealed from the order granting partial summary judgment which, as a conclusion to the court's opinion, directs that "there being no just reason for delay, let judgment be entered accordingly." See Fed.R.Civ.P. 54(b). That rule and Fed.R.Civ.P. 58 require the entry of a formal, separate judgment to qualify for appealability. See Sanders v. Clemco Indus., 862 F.2d 161, 166-67 (8th Cir.1988). In the absence of objection from appellees, we assume that a separate judgment has been entered or waived and that we have jurisdiction to hear this appeal. Counsel are admonished, however, that the absence of a judgment on a separate document may result in dismissal of an appeal for lack of jurisdiction
 
 
 [3]
 We do not pass on the merits of appellants' state-law claims, which are still pending before the district court
 
 
 [4]
 Intervenors Continental Insurance Company and Fidelity Casualty Company of New York also join in the appeal
 
 
 [5]
 ERISA also provides fiduciary status for persons "named" as fiduciaries in the plan instrument or "identified" as such by an employer or employee organization. 29 U.S.C. Sec. 1102(a)(2)
 
 
 [6]
 Appellants are using the term "audit" to mean a systematic review by appellees of all transactions in the Plans
 
 
 [7]
 The parties dispute whether appellees or the Trustees made the decision not to require production of the actual certificates of deposit
 
 
 [8]
 Moreover, Monson concerned a high-level corporate insider, not an outside professional