610 So.2d 1036 (1992)
The LOUISIANA OILFIELD CONTRACTORS ASSOCIATION, INC.; the Louisiana Oilfield Contractors Association, Inc. Employees Benefit Trust; the Louisiana Oilfield Contractors Association, Inc. d/b/a the Louisiana Oilfield Contractors Association, Inc. (Motion to Amend); Randy Haynie, Plaintiffs-Appellants,
v.
INTERNATIONAL SURPLUS LINES INSURANCE COMPANY; Income Security Corporation; Dwight W. Andrus Insurance, Inc., and/or Dwight W. Andrus Insurance Agency, Inc., and/or Dwight W. Andrus, Inc.; Gary Felton; ABC Insurance Company; Harbor Insurance Company; U.S. Benefit Corporation d/b/a U.S. Benefits; (3rd Party Demand by Harbor); U.S. Benefits Corporation d/b/a U.S. Benefits; Income Security Corporation; Gary Felton; ABC Insurance Company; Dwight Andrus Insurance Company, Inc. and/or Dwight W. Andrus Insurance Agency, Inc. and/or Dwight W. Andrus, Inc.; International Surplus Lines Insurance Company; the Louisiana Oilfield Contractors Association, Inc.; the Louisiana Oilfield Contractors Association, Inc. Employee Benefit Trust, Randy Haynie (2nd Amended Pet.); RLI Insurance Company; Admiral Insurance (Supp.Pet.); (3rd Party Demand Al Nugent; Mike Hoagland; (3rd Party Pet.) Peter Borne; Malcolm Gordon; Rodney Guidry; George Crane, Jr.; and, Randy K. Haynie, Defendants-Appellees.
No. 91-947.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1992.
Writ Denied February 11, 1993.
*1037 Domengeaux & Wright, Wm. Rutledge, Lafayette, for plaintiffs-appellants.
Voorhies & Labbe, H. Lee Leonard, Lafayette, for defendant-appellee Harbor Ins.
Davidson, Meaux, Sonnier, McElligott & Swift, John E. McElligott, Lafayette, for defendant-appellee Intern. Surplus/Andrus Ins.
Roy & Hattan, L. Lane Roy, Lafayette, for Income Sec. Ins.
G. Bruce Kuehne, Baton Rouge, Stone, Pigman, Walther, Wittmann & Hutchinson, Kyle D. Schonekas, New Orleans, for U.S. Benefits.
Joens & Counce, Amy E. Counce, Baton Rouge, for Felton.
Allen, Gooch, Bourgeois, Breaux, Robison & Theunissen, Joel E. Gooch, Lafayette, for RLS Ins.
*1038 Before DOUCET and KNOLL, JJ., and MARCANTEL,[*] J. Pro Tem.
BERNARD N. MARCANTEL, Judge Pro Tem.
The issues on appeal are whether the trial court erred in holding that plaintiffs' claims were without subject matter jurisdiction; and, whether the trial court erred by holding that the claims of plaintiffs were preempted by the Employee Retirement Income Security Act (ERISA), which is substantive law.
The Louisiana Oilfield Contractors Association, Inc. (hereinafter LOCA) and The Louisiana Oilfield Contractors Association, Inc. Employee Benefit Trust (hereinafter LOCA Trust) filed a petition for damages on February 23, 1984, against U.S. Benefits, Inc., et al. (hereinafter U.S. Benefits) for bad faith breach of contract, and for breach of fiduciary obligations. Also named as defendants were Income Security Corporation (hereinafter ISC), the owner of ISC, Gary Felton (hereinafter Felton), Harbor Insurance Company (hereinafter Harbor), ABC Insurance Company (hereinafter ABC), and Dwight W. Andrus Insurance, Inc. (hereinafter Andrus). The original petition has been amended many times and LOCA now seeks damages in tort for actuarial malpractice resulting in huge financial losses to LOCA.
Andrus settled with LOCA and the LOCA Trust and joined them as plaintiffs against ISC, Felton, U.S. Benefits and Harbor, among others. ISC and Felton are the only remaining defendants in this suit.
After several amendments and exceptions to the original pleadings in the district court, Felton and ISC sued LOCA and the LOCA Trust in federal court, seeking a declaratory judgment, damages and injunctive relief. On September 28, 1987, the Honorable John M. Shaw, U.S. District Court Judge, held that the claims asserted by LOCA and the LOCA Trust are preempted by Federal Law, and issued an order to stay state court action. On June 8, 1988, Judge Shaw granted the motion for summary judgment filed by ISC and Felton, stating that the ERISA's three year limitation period had run. Income Security Corp. v. Louisiana Oilfield Contractors Association, 9 EBC 1701, and Income Security Corp. v. Louisiana Oilfield Contractors Association, 9 EBC 2478.
LOCA appealed to the United States Fifth Circuit, which vacated the injunction, citing Texas Employees Insurance Association v. Jackson, 862 F.2d 491, 504 (5th Cir.1988) (en banc), certiorari denied 490 U.S. 1035, 109 S.Ct. 1932, 104 L.Ed.2d 404 (1989) (No. 88-1295), stating that 28 U.S.C. § 2283, the Anti-Injunction Act, bars a Federal District Court from enjoining a pending state court action even where federal preemption is unmistakably clear.
ISC and Felton sought relief from the United States Fifth Circuit decision by application to the United States Supreme Court, but certiorari was denied. The subject matter jurisdiction exception was then before the Fifteenth Judicial District Court, which held that the claims were preempted by the ERISA statute and that it was, therefore, without subject matter jurisdiction.
LOCA and the LOCA Trust timely appeal this holding.

FACTS
LOCA is a trade association organized to provide information and expertise in areas of common interest to its members, which comprise companies involved in oilfield services. LOCA decided to look into obtaining better rates for hospital insurance coverage for its employees and heard that an employee-benefit plan would be of value to it. LOCA contacted Andrus, a general insurance agency, for assistance in formulating the LOCA Plan. Andrus, in turn, contacted ISC, which is a contract provider of administrative claims services for single and multi-employer benefit plans. Felton is ISC's president.
*1039 Felton presented a plan to LOCA which included the self-insurance package along with a stop-loss insurance coverage. After the self-insured plan reaches a certain dollar amount of claims, the stop-loss coverage engages to prevent further loss because of bad experience. This stop-loss coverage was purchased from Harbor with U.S. Benefits being the underwriting manager and intermediary.
The Plan involved the contribution by member-employers to a common fund in the form of a trust, from which the trustees paid claims submitted by participants in the Plan, expenses incurred by the Plan for stop-loss insurance premiums, and fees for providers of service to the Plan.
The LOCA Trust was created by LOCA to manage and administer the funds contributed to the Plan by member-employer companies.
LOCA and ISC entered into a service agreement which named ISC as the "Plan Supervisor," detailing certain duties that ISC was to perform.
The Plan commenced operation on October 1, 1981 but, during the middle of the second year of the Plan, it began to experience cash flow problems which caused a delay in paying claims. The cash flow problems appeared to stem from "underfunding," which was the outcome of failing to charge and receive a sufficient amount of money from each employer and its employees to cover anticipated claims during the Plan year.
LOCA and the LOCA Trust contend that, because of the actuarial and insurance consultation provided to them by Felton and ISC, the LOCA Plan was underrated and, therefore, underfunded due to insufficient premiums, resulting in the Plan eventually becoming insolvent. It is their contention that this suit is one of malpractice under Louisiana tort law and, therefore, falls under the State's jurisdiction and is not preempted by the exclusive federal jurisdiction of ERISA.

LAW
Plaintiffs contend that this claim is for commercial malpractice and falls under the "sue-clause" of the ERISA statute as a common malpractice claim in state court and not a special ERISA claim to be brought under exclusive federal jurisdiction.
In deciding the question of jurisdiction, we first look to the ERISA statute to determine which court has jurisdiction.
29 U.S.C. § 1132(e)(1) provides:
"(e) Jurisdiction
(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section."
29 U.S.C. § 1132(a)(1)(B) reads:
"(a) Persons empowered to bring a civil action
A civil action may be brought
(1) by a participant or beneficiary
(A) for the relief provided for in subsection (c) of this section, or
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;"
From a reading of the statute, the only claims that may be brought in a state court are those listed under (a)(1)(B). All other civil actions commenced by a participant, beneficiary or fiduciary must be brought exclusively in a federal district court.
The state district court judge stated in his reasons for judgment that the "crux of this matter is whether Gary Felton was a fiduciary as the ERISA statute defines that concept." 29 U.S.C. § 1002(21)(A) and 29 U.S.C. § 1109. We agree that this is the key issue.
Plaintiffs contend that ISC and Felton were merely professional consultants that had a fiduciary relationship with LOCA but that they did not come under the ERISA *1040 definition of fiduciary, bringing them into the exclusive jurisdiction of the federal court.
Plaintiffs further argue that ISC and Felton intentionally included in the contract language which relieves them from fiduciary status. However, 29 U.S.C. § 1110 nullifies the effect of such contractual language.
The term "fiduciary" is defined under ERISA, 29 U.S.C. § 1002(21)(A) and states:
"[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, ... or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan...."
Under the service agreement between LOCA and ISC, ISC was named the "Plan Supervisor" and had the responsibility of "providing adequate re-insurance coverage with a good and solvent company...." ISC was also responsible for making the initial estimate of claims cost for the first year, and administering the claims.
Another element in determining whether fiduciary responsibility exists under ERISA is the amount of discretion the agent uses under the Plan. ISC had the discretion to approve or deny claims of the Plan participants. ISC received and disbursed LOCA Trust monies which it accounted for and then advised the trustees as to claim procedures. ISC also regularly attended and participated in trustee meetings, principally through its president, Felton.
ERISA clearly states that a person may be a fiduciary if he has discretionary control with respect to management or administration of a plan.
LOCA prepared a Plan Document setting forth the provisions provided under the Plan, along with duties and rights of all parties involved. Under the provisions entitled "Facility of Payment" and "Rights of Recovery," the Plan Supervisor, i.e. ISC, was given the sole discretion in handling payments received under the Plan.
The provisions read as follows:
"H. Facility of Payment:
Whenever payments which should have been made under this Plan in accordance with this provision have been made under any other Plans, the Plan Supervisor shall have the right, exercisable alone and in its sole discretion, to pay over to any organization making such other payments any amounts it shall determine to be warranted in order to satisfy the intent of this provision; amounts so paid shall be deemed to be benefits paid under this Plan and the Plan Supervisor shall be fully discharged from liability under this Plan.
I. Rights of Recovery:
Whenever payments have been made by the Plan Supervisor with respect to Allowable Expenses in a total amount, at any time, in excess of the maximum amount of payment necessary at that time, to satisfy the intent of this provision, the Plan Supervisor shall have the right, exercisable alone and in its sole discretion, to recover such payments to the extent of such excess from among one or more of the following, as the Plan Supervisor shall determine: any person to, for, or with respect to whom such payments were made, any other insurance companies or any other organizations." (Emphasis added.)
We do not consider ISC's sole discretion in handling of payments under the Plan, merely ministerial tasks performed within the limits of their usual professional functions. Anoka Orthopaedic Associates, P.A. v. Lechner, 910 F.2d 514 (8th Cir. 1990).
Therefore, after considering ERISA's definition of a fiduciary, the Plan Document which sets forth ISC's duties and responsibilities, ISC's use of its own discretion in denying or allowing claims, and its participation in the Plan, there can be no other conclusion than to find that ISC and Felton were fiduciaries under ERISA and *1041 not merely consultants with a general fiduciary relationship.
For these reasons, the trial court's holding in sustaining the exception of lack of subject matter jurisdiction is affirmed.
Plaintiff next contends that, if the trial court was without subject matter jurisdiction, then it could not rule on substantive law by stating that the claims were preempted by ERISA.
Judge Shaw, in Income Security Corp. v. LOCA, supra, summarized the issue of preemption regarding employee benefit plans by stating:
"To summarize the pure mechanics of the provisions quoted above [the preemption, saving, and deemer clauses]: If a state law `relate[s] to ... employee benefits plan[s],' it is preempted. § 514(a). The saving clause excepts from the preemption clause laws that `regulat[e] insurance.' § 514(b)(2)(A). The deemer clause makes clear that a state law that `purport[s] to regulate insurance' cannot deem an employee benefit plan to be an insurance company. § 514(b)(2)(B)."
Therefore, the trial court did not make a substantive determination when it stated that the claims were preempted by ERISA, but was merely making this statement as a matter of law when it determined that ISC and Felton were fiduciaries under the definition of ERISA. Consequently, the claims fall under the exclusive jurisdiction of the federal court and the state court lacked subject matter jurisdiction.
For the reasons set forth above, the judgment of the trial court is affirmed at the costs of plaintiffs-appellants.
AFFIRMED.
NOTES
[*] Honorable Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.