**Robert A. ISOLA, Plaintiff,**

v.

**Gary HUTCHINSON, et al., Defendants.**

**No. C 90 20741 JW.**

United States District Court,
N.D. California,
San Jose Division.

Dec. 10, 1991.

Gerald B. Ames, Inc., San Jose, Cal., for plaintiff.

Lawrence A. Jacobson, Cohen and Jacobson, Burlingame, Cal., for defendant Pension/Profit Sharing Service.

Arthur A. Park, Jr., Ottenweller, Solan, Park & King, San Francisco, Cal., for defendants Northern Assur. Co. of America, Great American Ins. Co., American Nat. Fire Ins. Co. and Agr. Ins. Co.

Cameron D. Watt, San Jose, Cal., for Wilbur Thureson.

Mary K. Simpson, San Jose, Cal., for Dale Nelson.

## ORDER

WARE, District Judge.

Plaintiff, a participant in an ERISA regulated profit sharing plan, has filed suit against Great American Insurance Company, American National Fire Insurance Company and Agricultural Insurance Company ("Insurance Companies") to enforce a bond issued by these defendants. The defendant Insurance Companies seek to have this lawsuit dismissed on the ground that plaintiff lacks standing to pursue it. On October 9, 1991, the Special Master assigned to this case recommended that the motion be denied. Subsequently, defendant Insurance Companies requested this Court to review the decision of the Special Master and rule in their favor. Having reviewed the governing statutes, and for reasons discussed more fully below, the motion to dismiss is denied.

## BACKGROUND

Plaintiff filed suit seeking recovery of benefits allegedly due him as a participant of a profit sharing plan ("the Plan") created by his employer, Belko Electric Corporation. Plaintiff predicates his rights on various provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*

ERISA requires that every fiduciary of an employee benefits plan be bonded to protect the plan against losses due to fraudulent and dishonest administration of the plan. 29 U.S.C. § 1112. Fiduciaries of the Plan were bonded by defendant Insurance Companies.

Plaintiff's First Amended Complaint alleges that as a result of conduct and transactions prohibited by ERISA, assets of the Plan were divested so as to effectively deprive plaintiff of his benefits. Specifically, plaintiff alleges that when the Plan termi-

nated, every participant in the Plan except plaintiff received full distribution. He alleges that this was a result of fraudulent conduct. Pursuant to his Third Cause of Action, plaintiff seeks to have the issues of fraudulent and dishonest conduct adjudicated and, if successful, to have insurance policy proceeds paid to the Plan. *See First Amended Complaint,* p. 22.

## ISSUE

Defendant Insurance Companies claim that plaintiff does not have standing to make a claim on bonds issued to benefit the Plan. They allege that the Plan, as the insured, is the only real party in interest who has standing to prosecute a claim on the policy. *See Defendant's Points and Authorities,* pp. 3–4. Plaintiff, on the other hand, contends that the ERISA statute authorizes him to prosecute such a claim. *See Plaintiff's Opposition to Motion,* pp. 15–22.

The issue that is raised from this motion is whether a plan participant can sue a non-fiduciary insurance company under 29 U.S.C. § 1132(a)(3)(B) to enforce and seek redress for violations of 29 U.S.C. § 1112.[1] As there are no cases which confront this issue, this appears to be a matter of first impression.

## ANALYSIS

### A. Standing to Sue Under ERISA

#### 1. Congressional Intent

It is clear that Congress enacted ERISA to protect participants of employee benefit plans. One concern of Congress was that participants in employee benefit plans were being deprived of their benefits:

> The Congress finds that ... owing to the inadequacy of current minimum standards, the soundness and stability of plans with respect to adequate funds to pay promised benefits may be endan-

---

1. Plaintiff offers other arguments as to why the motion to dismiss should be denied: (1) ratification of commencement by the Plan; (2) joinder of the Plan as a real party of interest; (3) plaintiff standing as a third party benefi-

ciary. As this Court finds that plaintiff has been empowered to sue directly under the ERISA statute, the Court finds no reason to discuss the validity of those arguments.

gered; [and] that owing to the termination of plans before requisite funds have been accumulated, employees and their beneficiaries have been deprived of anticipated benefits ... 29 U.S.C. § 1001(a).

Congress clearly intended that participants who were adversely affected by ERISA violations have access to appropriate remedies to redress their claims. 29 U.S.C. § 1001(b) states that it is the "declared policy of [ERISA] to protect ... the interest of participants in employee benefit plans ... by providing for appropriate remedies, sanctions and ready access to the Federal courts."

### 2. Civil Enforcement

■ Congress intended for ERISA to be policed through criminal penalties and civil enforcement. 29 U.S.C. §§ 1131 & 1132. Section 1132 gives broad power to benefit plan participants to bring suit to enforce and redress ERISA violations. Defendants claim that, since they are not fiduciaries to Plan participants, the enforcement statute does not give plaintiff standing to sue. *See Defendant's Points and Authorities*, pp. 6–8. However, benefit plan participants are not limited to bringing civil actions against fiduciaries of their employee benefit plan.

Section 1132(a)(2) gives a participant power to bring a civil suit for breach of fiduciary duty. That section's scope is limited to suits directly against fiduciaries of employee benefit plans. *See* 29 U.S.C. § 1109. However, section 1132(a)(3) goes on to state that a participant may bring a civil action "to obtain other equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." Had Congress intended that participants only be able to bring suit against fiduciaries, section 1132(a)(3) would be unnecessary, because that power was already granted in section 1132(a)(2). Congress clearly intended that, when seeking equitable relief to redress ERISA violations, participants have the power to bring suit against any party who can provide that relief, even if that party is not a fiduciary. *See also Nieto v. Ecker*, 845 F.2d 868 (9th Cir.1988) (allowing bene-fit plan trustees to bring ERISA action against a non-fiduciary attorney).

Accordingly, the Court finds that the civil enforcement provision of ERISA gives appropriate plaintiffs the power to bring suit against parties who are not fiduciaries.

### B. Appropriate Plaintiffs

For plaintiff to be deemed an appropriate plaintiff in this case, he must be a real party in interest (Fed.R.Civ.P. 17) and he must be seeking "appropriate equitable relief" (29 U.S.C. § 1132(a)(3)(B)).

#### 1. Real Party of Interest

■ Federal Rule of Civil Procedure 17(a) states that "[e]very action shall be prosecuted in the name of the real party in interest." Defendants contend that the Plan is the only real party in interest in this action and the only party entitled to bring a claim for relief against them. *See Defendant's Points and Authorities*, p. 3. Plaintiff alleges, and the Court agrees, that there are two real parties in interest: a) the Plan; and 2) the plaintiff, as the sole remaining participant. *See Plaintiff's Opposition to Motion*, pp. 10–11.

First, plaintiff has a beneficial interest in recovering assets that may have been fraudulently removed from the Plan. Second, the Plan has not filed suit against the Insurance Companies. As the sole remaining participant, he is the only conceivable plaintiff to bring this action. Lastly, although the Insurance Companies insure the fiduciaries of the Plan, and not the individual participants, the purpose of the mandatory bonding provision is to protect the funds within the Plan. 29 U.S.C. § 1112 ("Such bond shall provide *protection to the plan against loss* by reason of acts of fraud or dishonesty on the part of the plan official....") (emphasis added). Accordingly, participants have a strong interest in the enforcement of the bonding provision.

Rule 17 was enacted so as to avoid a multiplicity of law suits. Plaintiff, in joining both the Plan and the defendant Insurance Companies, will enable this Court to equitably make a single ruling that will bind all parties. If the Court were to dismiss defendant Insurance Companies, and

plaintiff prevailed against the Plan, the Plan would in turn file suit against Insurance Companies. This would mean two law suits with essentially the same issues. In the interest of judicial economy, the Court is unwilling to take that course. As this case stands, the Plan has agreed to be bound by any judgment as may be rendered on the Third Cause of Action, so defendant Insurance Companies need not worry that the Plan will institute a separate action. *See Ratification of Commencement*, p. 5.

### 2. Appropriate Equitable Relief

■ Finally, it must be determined if the relief requested by plaintiff is "appropriate" within the meaning of 29 U.S.C. § 1132(a)(3)(B). Defendant argues that, even if the plaintiff has standing, the only appropriate relief that a participant would have with regard to 29 U.S.C. § 1112 would be an equitable action to compel a fiduciary to secure the bond as mandated in the statute. *See Defendant's Reply to Plaintiff's Opposition*, pp. 13–14. The Court does not agree.

Plaintiff's requested relief, with respect to defendant Insurance Companies, is to have the issues of fraudulent and dishonest conduct adjudicated and, if successful, have the insurance policy proceeds paid *to the Plan. See First Amended Complaint*, p. 38 and *Plaintiff's Opposition to Motion*, pp. 2–3. Plaintiff is not alleging that the Insurance Companies directly owe him insurance proceeds. As the Plan does not seek to collect proceeds from defendant Insurance Companies, plaintiff's requested relief is entirely appropriate. If his allegations are in fact true, the requested relief will serve to enforce those provisions of ERISA which have been violated.

### CONCLUSION

Good cause appearing, IT IS HEREBY ORDERED that defendant Insurance Companies' motion to dismiss is DENIED.

IT IS SO ORDERED.