BLEVINS SCREW PRODUCTS, INC., et al., Plaintiffs,

v.

PRUDENTIAL BACHE SECURITIES, INC., Prudential Securities, Inc., James Darr, as head of Prudential Bache Direct Investment Group, PaineWebber, Inc., and Paul R. Jingozian, jointly and severally, Defendants.

Civ. A. No. 93–CV–40050–FL.

United States District Court, E.D. Michigan, S.D., at Flint.

Oct. 14, 1993.

Joseph H. Spiegel, Joseph H. Spiegel, P.C., Southfield, MI, for plaintiffs.

Dennis K. Egan, Butzel Long, Detroit, MI, for Prudential and Sec.

Michael G. Vartanian, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, MI, Stuart Perlmutter, Davidoff & Malito, New York City, for James Darr.

Alan R. Miller, David H. Jarvis, Alan R. Miller, P.C., Birmingham, MI, for Prudential and Paul Jingozian.

### MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Before the Court is defendant James Darr's motion to dismiss (D.E. # 15), plaintiffs' response, and defendant's reply. A hearing regarding this motion, among others, was held on May 24, 1993. For the reasons that follow, defendant Darr's motion is GRANTED, and plaintiffs' action as it relates to defendant Darr is DISMISSED.

#### Facts

Plaintiffs are three companies developed by Wayne Blevins and operated by his three sons, the companies' respective pension and profit sharing plans ("Plans"), and Wayne Blevins' sons, Mark, Bruce, and Roger Blevins, as trustees of their companies' Plans. The Plans were established and are regulated pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiffs allege that they completely entrusted the management of their pension and profit sharing plans to Mr. J. Stephen Stout, a stock broker employed first by defendant Prudential Bache Securities, Inc. and later by defendant Paine-Webber, Inc.

Plaintiffs allege that in 1986 and 1987 Mr. Stout began engaging in a pattern of wild trading in worthless investments, in violation of his fiduciary duties to plaintiffs. Many of these allegedly worthless investments were proprietary products of the Direct Investment Group of Prudential Bache, of which defendant Darr was Group President for at least part of the time that Mr. Stout worked for Prudential Bache. According to plaintiffs, the Direct Investment Group's function was to generate unnecessary fees and commissions from investors through investments in worthless limited partnership interests. Plaintiffs allege that Mr. Stout heavily invested their monies in these Prudential Bache investments, resulting in a handsome profit to both Prudential Bache and defendant Darr.

Plaintiffs allege that the real value of these investments was concealed from plaintiffs by Mr. Stout, defendant Prudential Bache, and defendant PaineWebber through deliberately misleading statements and Mr. Stout's yearly presentations to plaintiffs' employees regarding their investments. Upon discovery that their funds had been grossly mishandled, plaintiffs immediately took legal action by filing an arbitration action with the New York Stock Exchange. Soon thereafter, plaintiffs brought this ERISA action for money damages regarding those claims with respect to which plaintiffs deny the existence of a valid arbitration agreement. In response, defendant Darr filed this motion to dismiss for failure to state a claim upon which relief may be granted, Fed.R.Civ.P. 12(b)(6), arguing that he is not a "fiduciary" as defined by the Act and is not amenable to an action for damages under ERISA, 29 U.S.C. § 1109.

### Discussion

In plaintiffs' single count complaint, they claim that all defendants are liable for breach of fiduciary duties pursuant to 29 U.S.C. § 1109(a). That section makes fiduciaries liable for breach of the duties enumerated within 29 U.S.C. § 1104. Section 1109(a) makes a fiduciary in breach of his duties personally liable for damages, restitution, and for "such other equitable or remedial relief as the court may deem appropriate." *Mertens v. Hewitt Associates,* —— U.S. ——, ——, 113 S.Ct. 2063, 2066, 124 L.Ed.2d 161 (1993).

Although not specified in the complaint, plaintiffs argue in their response to defendant Darr's motion to dismiss that defendant Darr is liable under ERISA for acting in concert with ERISA fiduciaries in the breach of their duties to plaintiffs. Significantly, plaintiffs do not argue that defendant Darr was a fiduciary, instead basing their claim for relief upon a line of cases holding nonfiduciaries liable for their knowing participation in a fiduciary's breach of duty. *Brock v. Hendershott,* 840 F.2d 339, 342 (6th Cir.1988); *Thornton v. Evans,* 692 F.2d 1064, 1078 (7th Cir.1982); *Diduck v. Kaszycki & Sons Contractors, Inc.,* 974 F.2d 270, 280 (2d Cir.1992). Plaintiffs argue that defendant Darr, acting in concert with both Prudential Bache Securities and J. Stephen Stout, engaged in wrongful conduct in breach of several fiduciary duties owed to plaintiffs. Even assuming that all of plaintiffs' factual allegations are true, the cause of action asserted by plaintiffs against defendant Darr recently has been rejected by the United States Supreme Court and, therefore, is no longer good law. *Mertens,* —— U.S. at ——, 113 S.Ct. at 2067.

In *Mertens,* the Court discussed whether nonfiduciaries could be held liable for knowingly participating in a fiduciary's breach of its fiduciary duties:

[W]hile ERISA contains various provisions that can be read as imposing obligations upon nonfiduciaries ... no provision explicitly requires them to avoid participation (knowing or unknowing) in a fiduciary's breach of fiduciary duty. It is unlikely, moreover, that this was an oversight since ERISA *does* explicitly impose "knowing participation" liability on cofiduciaries. *See* § 405(a), 29 U.S.C. § 1105(a). That limitation appears all the more deliberate in light of the fact that "knowing participation" liability on the part of *both* cotrustees *and* third persons was well established under the common law of trusts.

—— U.S. at ——, 113 S.Ct. at 2067 (emphasis in original). The Court went on to remind us that in a prior decision it had "emphasized

986

[its] unwillingness to infer causes of action in the ERISA context, since that statute's carefully crafted and detailed enforcement scheme provides 'strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly.'" *Id.* (quoting *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985)) (emphasis in original).

In the Sixth Circuit, subsequent to the Supreme Court's holding in *Russell,* the Court of Appeals held liable a nontrustee for "aiding and assisting" and furthering a fiduciary's breach of duty. *Brock,* 840 F.2d at 342. This opinion has been cited by courts in other circuits for recognizing a cause of action holding nonfiduciaries liable for knowingly participating in a fiduciary's breach of fiduciary duty. *See Diduck v. Kaszycki & Sons Contractors, Inc.,* 974 F.2d 270, 280 (2d Cir.1992); *Whitfield v. Lindemann,* 853 F.2d 1298, 1303 (5th Cir.1988); *Nieto v. Ecker,* 845 F.2d 868, 871 (9th Cir.1988) (criticizing *Brock* and refusing to depart from plain meaning of statute to create cause of action); *Uselton v. Commercial Lovelace Motor Freight, Inc.,* 940 F.2d 564, 584 (10th Cir.1991); *Useden v. Acker,* 947 F.2d 1563, 1579 (11th Cir.1991) (criticizing *Brock* and citing favorably *Nieto,* especially in light of Supreme Court's holding in *Russell* ); *Arakelian v. Nat'l Western Life Ins. Co.,* 755 F.Supp. 1086, 1089 n. 2 (D.D.C. 1990); *Dole v. Compton,* 753 F.Supp. 563, 567 (E.D.Penn.1990); *Grun v. Pneumo Abex Corp.,* 808 F.Supp. 632, 636 (N.D.Ill.1992). To the extent that *Brock* recognized a cause of action holding a nonfiduciary liable for knowingly participating in a fiduciary's breach of duty, that statement of the law cannot be applied by this Court in light of the Supreme Court's opinion in *Mertens.* Although the discussion of this disavowed cause of action was not the basis for the Court's ruling in *Mertens,* the reasoning cannot be ignored in application of ERISA to nonfiduciaries. As the Supreme Court has determined that ERISA does not authorize suit against a nonfiduciary for knowing participation in a fiduciary's breach of fiduciary duty, *Mertens,* —— U.S. at ——, n. 5, 113 S.Ct. at 2068 n. 5, plaintiffs' claim against defendant Darr must be dismissed.

■ Although, as noted above, plaintiffs do not allege that defendant Darr was an ERISA fiduciary of the Plans, the Court shall address whether plaintiffs' complaint would support an action under 29 U.S.C. § 1109 against defendant Darr as a fiduciary.

The term "fiduciary" as it is used throughout ERISA is defined within the Act:

(21)(A) Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan....

29 U.S.C. § 1002(21)(A). This functional test must be applied to defendant Darr to determine whether he is a "fiduciary" and thus subject to liability as a fiduciary under 29 U.S.C. § 1109(a).

If defendant Darr were to be classified as an ERISA fiduciary, it would be for conduct falling within subsection (ii), as one who rendered investment advice for a fee or other compensation. *See* plaintiffs' response at 3. For a person to be "deemed to be rendering 'investment advice' to an employee benefit plan, within the meaning of section 3(21)(A)(ii) of [ERISA]," the advice must relate to the value of the assets or the advisability of the investment transaction. 29 C.F.R. § 2510.3–21(3)(c)(1)(i) (Dept. of Labor Definitions of Coverage). Here, plaintiffs allege that defendant Darr "actively encouraged" Mr. Stout to invest in the allegedly worthless investments of the Prudential Bache Direct Investment Group. Complaint at ¶ 26. Specifically, plaintiffs allege that Darr, in concert with the Direct Investment Group:

originated, developed, approved and sent into the marketplace those very worthless investment vehicles which have deprived

the Blevins' employees of their retirement and profit sharing monies.... It was Darr and the Direct Investment Group who, in concert with the Plans' fiduciaries, breached their ERISA fiduciary duty as specified in the Complaint at [¶ 36 and] ¶ 48.

Plaintiffs' response at 4. The complaint further alleges that defendant Darr, among other defendants, made misrepresentations regarding the value and security of the Direct Investment Group investments, complaint at ¶ 36, and investment therein was a breach of defendants' fiduciary duty, complaint at ¶ 48. Clearly, the conduct alleged constituted advice relating to the value of the assets or the advisability of the investment transaction.

Where the advice was not provided directly to the employee benefit plan, as in this case, one may still be liable for giving investment advice indirectly, through another fiduciary of the plan, but only if the person giving advice has some discretionary authority or control with regard to purchasing or selling securities or other property for the plan, 29 C.F.R. § 2510.3–21(c)(1)(ii)(A), or the advice is provided

> on a regular basis to the plan pursuant to a mutual agreement, arrangement or understanding ... between such person and the plan or a fiduciary with respect to the plan that such services will serve as a primary basis for investment decisions with respect to plan assets, and that such person will render individualized investment advice to the plan based on the particular needs of the plan regarding such matters as, among other things, investment policies or strategy, overall portfolio composition, or diversification of plan investments.

29 C.F.R. § 2510.3–21(c)(1)(ii)(B). Nowhere do plaintiffs allege that defendant Darr had any discretionary authority to purchase or sell securities, only that he actively encouraged that they be purchased. Moreover, the

allegation is that Mr. Stout provided services to determine the primary basis for the investment decisions with respect to plan assets; nowhere do plaintiffs allege that defendant Darr rendered individualized investment advice based upon the particular needs of the Plans.[1] To the contrary, plaintiffs allege that defendant Darr's Group held out their portfolio of worthless investments generally, encouraging Mr. Stout to invest in them for his own benefit, not that of the Plans.

### Disposition

For the foregoing reasons, defendant James Darr's motion to dismiss is GRANTED. Thus, plaintiffs claim against defendant Darr is HEREBY DISMISSED.

SO ORDERED.

---

1. As an additional requirement, the investment advisor

> shall not be deemed to be a fiduciary regarding any assets of the plan with respect to which such person does not have any discretionary authority, discretionary control or discretionary responsibility, [and over which he] does not exercise any authority or control....

29 C.F.R. § 2510.3–21(c)(2). Thus, even if defendant Darr rendered investment advice on a regular basis, or served as the primary basis for Mr. Stout's investment decisions, the fact that he did not have any discretionary authority precludes a finding that he performed as a "fiduciary" liable under ERISA.