12 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 COMMERCIAL ELECTRIC, INC.; Nicholas Teves, Jr., Plaintiffs-Appellants,
v.
IBEW LOCAL 1168; Ted Takai, et al., Defendants-Appellees.
 
 1
 No. 92-15268.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted Nov. 4, 1993.
Decided Nov. 19, 1993.
As Amended Jan. 27, 1994.
 
 3
 Before: CANBY and NOONAN, Circuit Judges; ORRICK, District Judge*
 
 
 4
 MEMORANDUM**
 
 
 5
 Commercial Electric, Inc. (Commercial) and Nicholas Teves, Jr. (Teves) appeal the district court's award of attorneys' fees under 29 U.S.C. Sec. 1132(g)(1) to IBEW Local 1168 (the Union) and the twenty-eight trustees of the Electrical Workers Trust Fund (Trustees). We affirm.
 
 FACTS AND PRIOR PROCEEDINGS
 
 6
 On July 20, 1988, Commercial and Teves brought an action against the Union and Trustees. Count I, allegedly arising under 29 U.S.C. Sec. 185 (Labor Management Relations Act Sec. 301), contained Commercial's charge that the Union and Commercial had entered into a collective bargaining agreement. Counts II and III, each of which allegedly arose under 29 U.S.C. Sec. 185 and 29 U.S.C. Sec. 1132 (ERISA Sec. 502), contained the claims of Commercial and Teves against Trustees for Trustees' refusing to accept Commercial's contributions to the Trust Fund's welfare benefit plan and for Trustees' refusing to provide employee benefits to Commercial's employees. Jurisdiction was proper under 28 U.S.C. Sec. 1331.
 
 
 7
 On August 10, 1988, Trustees offered to abide by any final judicial determination of Count I, if Commercial and Teves would agree to dismiss all of their claims against Trustees by August 15, 1988. Commercial and Teves rejected the offer.
 
 
 8
 On April 28, 1989, the court adopted Commercial's and Teves's motion for voluntary dismissal with prejudice. On April 18, 1990, the court adopted the magistrate's recommendation that Trustees be awarded attorneys' fees against Commercial and Teves for Trustees' action taken after August 10, 1988, and on November 19, 1991, the court announced its order awarding fees in the amount of $47,036.57, plus prejudgment interest. The award was based on 29 U.S.C. Sec. 1132(g)(1) (ERISA Sec. 502(g)(1)).
 
 
 9
 This appeal was timely filed on January 30, 1992. Jurisdiction was proper under 28 U.S.C. Sec. 1291.
 
 DISCUSSION
 
 10
 Commercial and Teves contend that the award of attorneys' fees must be reversed or reversed at least with respect to Commercial, because the district court lacked jurisdiction to award attorneys' fees, or, at least, lacked jurisdiction to award attorneys' fees against Commercial. The Union and Trustees reply that jurisdiction for the court's award of fees was supplied by Teves's presence in the litigation and that, in any event, Commercial waived any lacked of jurisdiction by joining in the litigation. The existence of jurisdiction is a question of law, which this court reviews de novo. DeNieva v. Reyes, 966 F.2d 480, 482 (9th Cir.1992).
 
 
 11
 Both parties mischaracterize the issue. We agree with Commercial and Teves that without some statutory or other exception to the American rule, prevailing parties generally cannot recover attorneys' fees ( see Cann v. Carpenters' Pension Trust Fund, 989 F.2d 313, 315 (9th Cir.1993); Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975)). But while our cases occasionally speak of "jurisdiction" to award attorneys' fees under ERISA, the issue as to a court's competence to award attorneys' fees goes not to the court's jurisdiction but to its authority. Section 1132(g)(1) grants the district court authority to award attorneys' fees, in its discretion, to either party in "any action under [Sec. 1132] ... by a participant, beneficiary or fiduciary." Because this was an action brought by Teves, who was both a participant and a beneficiary, and by Commercial, which made itself a Sec. 1132 plaintiff under Fentron Industries, Inc. v. Nat'l Shopmen Pension Fund, 674 F.2d 1300, 1304-05 (9th Cir.1982), this was a case where the court had the authority to award attorneys' fees "to either party." M & R Inv. Co., Inc. v. Fitzsimmons, 685 F.2d 283, 288 (9th Cir.1982), on which Commercial and Teves rely, is inapposite, because in that case the sole plaintiff was not a Sec. 1132 ERISA plaintiff.
 
 
 12
 Having concluded that the district court had the authority to award attorneys' fees, we also conclude that it did so properly. We review an award of attorneys' fees under ERISA for an abuse of discretion. Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 452 (9th Cir.1980). Hummell sets out a non-exhaustive list of five factors that the district court must consider in exercising its discretion, and we can find an abuse of discretion with respect to these only where we can form a "definite conviction" that the district court made a clear error of judgment in assessing the relevant factors. Id. Our definite conviction is that the district court made a careful application of the Hummell factors. Moreover, we also are of the conviction that the district court exercised its discretion, as required, with the purposes of ERISA in mind ( Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir.1984)). Although this court has observed that the Hummell factors frequently suggest that fees should not be awarded against ERISA plaintiffs ( Operating Eng. Pension Trust v. Gilliam, 737 F.2d 1501, 1506 (9th Cir.1984)), we note that each case must be determined on the facts ( Graphic Commun. Union No. 2 v. GCIU-Emp. Retirement Ben. Plan, 917 F.2d 1184, 1190 (9th Cir.1990)) and conclude that the facts of this case properly supported the attorneys' fees the district court awarded. The district court found that Commercial and Teves exhibited an "unjustified recalcitrance" in maintaining the action after the Trustees agreed to be bound by a judicial determination as to Count I, and the award of attorneys' fees was limited to actions taken in the period after Commercial and Teves demonstrated such recalcitrance.
 
 
 13
 Finally, we reject the argument that the district court abused its discretion by awarding attorneys' fees for certain "prohibited transactions." While legal services are among the transactions prohibited by 29 U.S.C. Sec. 1106 ( see Nieto v. Ecker, 845 F.2d 868, 873 (9th Cir.1988)), Sec. 1108(b)(2) removes reasonable and reasonably compensated legal services from the Sec. 1106 prohibition. The district court made a specific finding that the attorneys' fees were in the circumstances reasonable and not in violation of the tenets of ERISA. Appellants' argument for an abuse of discretion with respect to "prohibited transactions" is, consequently, without merit.
 
 
 14
 We conclude that the district court had authority to award attorneys' fees, that it did not abuse its discretion in doing so, and that the district court's award of attorneys' fees therefore should be AFFIRMED.
 
 
 
 *
 Honorable William H. Orrick, Senior United States District Judge, Northern District of California, sitting by designation
 
 
 **
 This disposition is not for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3